Hemphill, C. J.
The statute to “ regulate proceedings in the district courts,” approved 13th May, 1846, p. 370, provides in section 24 “ that if the defendant does not file his answer before the fifth day after the meeting of the court, the plaintiff may have such judgment by default made final on such fifth day,” etc., and in section 27, “ that if in any suit the defendant shall file his answer before the fifth day after the meeting of the court, the judgment entered against him by default shall be set aside.”
The question presented is, whether under the proper construction of the above recited provisions of the statute, a judgment by default can be made final on Friday, the fifth day of the meeting of the court; or whether it must be delayed until Saturday, the sixth day of the term.
*(84) Is the day of the meeting of the court to he included or excluded, in the computation of the time? If included, judgment may be rendered on Friday; if not, it must be postponed until Saturday. And here we may be permitted to regret that these sections -were not expressed in the perspicuous terms, which leave no doubt on the mind as to the meaning of the 23d section of the same statute. This directs that on the second day of the meeting of the court, judgment by default shall be entered up, etc. There is nothing equivocal here. The irresistible conclusion of every mind is, that the second day of the meeting is the one immediately succeeding the first day of the session of the court. Had the expressions in the sections under review been, that judgment shall be entered on the fifth day of the meeting of the court, or on the sixth day, there could have been no hesitancy or conflict of opinion as to the intention of the legislature.
But, recurring to the words employed in the statute, let us endeavor to ascertain their meaning by such rules of construction as can be gathered from the numerous authorities on the computation of time.
And here it will be unnecessary to state the names of the cases, or the circumstances under which the decisions were severally made. The authorities, to a considerable extent, have been reviewed in the case of. O’Connor v. Towns, decided at this term of the court, and a re-examination of them would be superfluous labor. The conclusion attained by our investigations was, that' technical constructions of phrases were disregarded; that the intention derived from the words themselves, understood in their generally received acceptation, the context and subject matter must govern; that the day of an act done, or even happening, must be included or excluded, according to the reason of the thing and the circumstances; and that such a construction should be given as would operate most to the ease of parties entitled to favor, and make effectual the deeds of parties, and secure rights and avoid forfeitures.
What, then, was the intention of the legislature in the section under consideration? The phraseology is changed from that used in the section immediately preceding. There, judgment is directed to be entered on the second day of the meeting of the court; here, judgment is to be rendered, not on the fifth day of the meeting of the court, but on the fifth day after the meeting of the court. Was this change without object or design? Hoes it not manifest a change of intention? Had the fifth day been designed, why was it not expressed in the unambiguous terms of the preceding sentence? Suppose the language of the 23d section were changed, and would read as follows: *(85) That upon the first day after the meeting of every district court, the judge should call over the docket of cases, and in all causes where the process has been served according to law (except such as have been brought by appeal from an inferior court), in which the defendant has not filed an answer, he shall enter judgment by default against such defendant. Could this mean the same as if the direction had been given to call the docket and enter judgment on the first day of the meeting of the court? If that be the meaning, then we must suppose that the legislature were filled with apprehensions that the bench and bar might, in their incrassate stupidity, attempt to call over the docket and enter up judgment before the meeting or the organization of the court; or, in fact, before it possessed any functions or powers as a court at all; and that, therefore, the caution was necessary that the docket might be called and judgments entered, but it must be after the court met, and not before. Such a supposition would be too idle for indulgence. If then, by the use of this phrase, the first day of the court could not, by fair construction, be intended, the second must, by legitimate intendment, be the day for calling the docket and the rendition of judgments. The distinction between the day of the meeting of the court and the day after the meeting of the court is obvious, and at once strikes the mind.
The day after the meeting of the court meaning, as we have shown, the second day of the session, why should not the fifth day after the meeting of the court be, in like manner, construed to be the sixth day of its meeting? If, in the first instance, the day of -the meeting be excluded in the computation, it must also be so in the latter; and the same rule would operate if the phrase were the hundredth day after the meeting of the court.
The rendition of judgment at the first term is in derogation of the common law right of imparlance, by which the defendant was allowed a term to plead; and this privilege being lost, and judgment going at the first term, it appears but reasonable that a liberal construction in favor of defendants should be given to provisions which, at best, permit but a very abridged space for the making up and filing of the defensive pleadings; and that they should have to the last moment which, by the fair meaning of the terms of the law on the subject matter, and the reason of the thing, could be allowed.
In addition to the cases cited in O’Connor v. Towns, there are others to which I have not had access, but which are mentioned in the case of Lester v. Garland, 15 Ves. 248, and which I will here notice.
One is the case of Mercer v. Ogilvie, decided in the house of *(86) lords, 1796, in which, the question being whether a man had lived sixty days after the making and granting of a deed, it was held that the day on which the deed was made and granted was to be excluded.
In case of alienation in mortmain, the alienation is an act done, and yet the day is excluded in the computation of the year which the lord has to enter for the forfeiture.
Applying the legitimate rules of construction to the section under consideration, we draw the conclusion that the legislature intended to allow the defendants the whole of the five first days of the court, for the purpose of filing their answers; and that judgment final by default cannot be lawfully rendered before the sixth day of the session. The answer of Elizabeth L. Hollis was, therefore, filed in due time, and there was error in striking it out, and in the rendition of the judgment final by default on the fifth day of the meeting of the court.
It is, therefore, ordered that the judgment of the district court be reversed — that the cause be remanded and that the answer of Elizabeth L. ITollis, having been filed in due time, be received and a hew trial be granted.