Horacio VILLARREAL, Appellant,

v.

BROOKS COUNTY, Texas, et al., Appellees.

No. 14865.

Court of Civil Appeals of Texas,
San Antonio.

April 28, 1971.

Rehearing Denied July 7, 1971.

Burris & Burris, Alice, Markel Heath, Falfurrias, for appellant.

Lloyd, Lloyd, Ellzey & Lloyd, Alice, for appellees.

CADENA, Justice.

Appellant, Horacio Villarreal, filed this suit to determine title to the office of Justice of the Peace, Precinct 1, of Brooks County, to which office he had been elected in the November, 1966, general election for a term expiring December 31, 1970. Defendants, appellees here, are Brooks County, Commissioners' Court of Brooks County and the individual members of such body, and Frank Salinas, who, since January 15, 1969, has been claiming title to, and performing the duties of, the office of Justice of the Peace, Precinct 1. The trial court rendered judgment against appellant.

Appellant has always lived within the boundaries of Precinct 1 as such boundaries existed prior to January 13, 1969. On August 12, 1968, Commissioners' Court adopted a redistricting order, applicable to commissioners' precincts and justice of the peace precincts, which was to take effect January 1, 1969. Appellant's residence was not located within the new boundaries established for Precinct 1 by the 1968 order. When he learned of this order, appellant began preparations to move within the new boundaries of Precinct 1 prior to January 1, 1969.

The order of August 12 was rescinded by Commissioners' Court on September 20, 1968. Sometime in November, 1968, appellant moved within the boundaries of Precinct 1 as such boundaries were described in the rescinded order. He had purchased a house trailer, which he placed on land owned by him on the north side of Airport Road. This location was also within Precinct 1 as such precinct existed in November, 1968, after the order of August 12, 1968, had been set aside. Appellant continued to live at this location and to perform the duties of his office until January 13, 1969.

On January 13, 1969, Commissioners' Court adopted a new redistricting order. Under the provisions of this order, Airport Road was made the dividing line between Precinct 1 and Precinct 2, forming the northern boundary of Precinct 1 and the southern boundary of Precinct 2. Since appellant's residence was on the north side of Airport Road, the effect of this order was to place appellant's residence within the boundaries of the new Precinct 2.

Appellant had no notice of this action until a few hours after the order had been adopted, when he was told to appear at Commissioners' Court. When he arrived there at about 2:00 P.M. on January 13, 1969, he was told of the redistricting and was informed that his office was now vacant.

Appellant returned to his home and moved some of his belongings to the south side of Airport Road, within the boundaries of the new Precinct 1. He moved his household effects into a barn and slept there that night. He and his family continued to sleep in the barn until he was able to move his house trailer across Airport Road within the new boundaries of Precinct 1. Both appellant and his wife testified, without contradiction, that when they physically moved into the new Precinct 1, they intended to establish their residence permanently within such precinct.

On January 15, 1969, the Commissioners' Court appointed appellee, Frank Salinas, Justice of the Peace for Precinct 1.

Article 5, Sec. 18, Tex.Ann.Const., requires that each county shall "be divided from time to time, for the convenience of the people" into justice of the peace precincts, "not less than four and not more than eight." According to paragraph (c), Article 2351½, Vernon's Annotated Revised Civil Statutes, "When boundaries of justice of the peace precincts are changed, so that existing precincts are altered, new precincts are formed, or former precincts are abolished, if only one previously elected or appointed justice of the peace or constable resides within a precinct as so changed, he shall continue in office as justice or constable of that precinct for the remainder of the term to which he was elected or appointed. If more than one justice or constable resides within a pre-

cinct as so changed, or if none resides therein, the office shall become vacant and the vacancy shall be filled as other vacancies; * * * "

The order of January 13, 1969, recites that the boundary lines of the Justice of the Peace Precincts set out in the order "shall be * * * the only Justice of the Peace * * * boundary lines" existing in Brooks County "from and after the date of passage of this Order, and thereafter, all subject to the further Orders of this Court."

The phrase "from and after" has no certain meaning that can be accepted as a guide under all circumstances. However, it is generally held that the words exclude the day from which the reckoning is to be made. That is, a regulation which is to take effect "from and after" its adoption is construed to take effect *on the day after* its adoption. Grant v. Norris, 249 Iowa 236, 85 N.W.2d 261 (1957); O'Connor v. City of Fond Du Lac, 109 Wis. 253, 85 N. W. 327 (1901). This rule is applicable unless there is in the context or circumstances, something to indicate a contrary intent.

While there are some decisions holding that when time is to be computed from an act done the day of the act is to be excluded, although in computing from a specified day the day is to be excluded, this so-called "ancient English rule," insofar as it distinguishes between "from and after" an act and "from and after" a designated day, has been rejected in most jurisdictions. 86 C. J.S. Time § 13(3), p. 852.

As early as 1847, our Supreme Court held that in computing time "after" a designated date, the specified day must be excluded. Hollis & Love v. Francois & Border, 1 Tex. 118. In Burr v. Lewis, 6 Tex. 76, 81 (1851), Justice Wheeler said: "It is a well-settled rule respecting the computation of time that where it is to be computed from or after a certain day from an act done, the day on which the act is done is to be excluded in the computation unless it

appear that a different computation was intended."

Our courts have consistently followed this rule. "The established rule in this state and in most of the other states is that when time is to be computed from or after a certain day or date, the designated day is to be executed * * * unless a contrary intent is clearly manifested by the contract. * * * [Respondent's] position goes back to what has been described as an early common-law rule that where a period of time was to be computed from an act or event as distinguished from a designated day, the day of the act or event was included in the computation. It is said that the early common-law rule is in most jurisdictions no longer recognized. * * * We have found no Texas decisions following or approving that early rule." Home Ins. Co., New York v. Rose, 152 Tex. 222, 255 S.W.2d 861, 862–63 (1953). See also Pitcock v. Johns, 326 S.W.2d 563 (Tex. Civ.App.—Austin 1959, writ ref'd).

Since our courts hold that both the word "from" and the word "after" are exclusive of the *terminus a quo*, the combination of the two in the phrase "from and after" cannot be held to have the result of requiring inclusion of the day from which the reckoning is to be made. The combination of two synonyms in a phrase does not make the resulting phrase the opposite of its component parts.

While it must be recognized that there are decisions to the contrary, under the view followed in Texas and in most other jurisdictions, the redistricting order of January 13, 1969, which by its express terms was specified to take effect "from and after" its adoption, did not become effective until the following day, January 14, 1969.

The uncontradicted evidence establishes that appellant established his residence within the new Justice of the Peace Precinct 1 on January 13, 1969, the day before the change in boundaries became effective. The following language from Mills v. Bart-

lett, 377 S.W.2d 636, 637 (Tex.1964), is pertinent: "Petitioner contends that one's residence cannot be determined by intention alone. With this we agree, but Bartlett's residence is not being determined solely by his intentions. He not only went to Van Zandt County but while there * * * decided and declared that Van Zandt County would be the county of his residence from that time forward. Neither bodily presence alone nor intention alone will suffice to create the residence, but when the two coincide at that moment the residence is fixed and determined. There is no specific length of time for the bodily presence to continue. Here there was combined volition, intention and action."

Since appellant was a resident of the new Precinct 1 prior to the time that the redistricting order took effect, he comes within the language of paragraph (c) of Article 2351½ which declares, "When boundaries of justice of the peace precincts are changed, * * * if only one previously elected or appointed justice of the peace or constable resides within a precinct as so changed, he shall continue in office as justice * * * of that precinct for the remainder of the term to which he was elected or appointed." It is conceded that on January 14, 1969, appellant was the only previously elected or appointed justice of the peace living within the boundaries of Precinct 1.

In view of the disposition we have made of this case, we do not consider appellant's contention that, since the office of justice of the peace is a county office, only residence within the county, as distinguished from residence within the justice precinct, is constitutionally required and that, therefore, Article 2351½, insofar as it attempts to make residence within the precinct a qualification for continuing in office, is unconstitutional. Nor do we consider the contention that the order of January 13, 1969, is void as a violation of the "one man, one vote" rule promulgated by the Supreme Court of the United States in several reapportionment cases.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter judgment in favor of appellant for his salary as Justice of the Peace, Precinct 1, Brooks County, for the remainder of the term expiring at midnight, December 31, 1970, less such deductions as are authorized or required by law, with interest as provided by law.