Raymond **TELLES**, Appellant,

v.

**W. H. SAMPLE, County Auditor, El Paso County, Texas, et al., Appellees.**

**No. 6339.**

Court of Civil Appeals of Texas, El Paso.

Oct. 3, 1973.

Rehearing Denied Oct. 31, 1973.

Peticolas, Luscombe, Stephens & Windle, Harry Lee Hudspeth, Endlich & Hughes, D. Clark Hughes, El Paso, for appellant.

George N. Rodriguez, Jr., County Atty., James Kirby Read, Jr., Asst. County Atty., El Paso, for appellees.

## OPINION

OSBORN, Justice.

This is an appeal from a judgment of the trial Court denying a mandamus. Appellant brought suit to compel the proper County officials to pay his salary as Constable of Precinct One of El Paso County. He filed as a candidate for office in the 1972 Democratic Primary and was selected as the Party's nominee in a run-off election. He was elected to office in the General Election on November 7, 1972. On December 27, 1972, Appellant took his oath of office, executed a bond, and filed the oath and bond with the County Clerk.

After having public hearings concerning the redistricting of the County, the County Commissioners Court of El Paso County, on December 27, 1972, voted to abolish the eight existing Justice of the Peace and Constable Precincts, effective December 31, 1972, and to create six new precincts, effective January 1, 1973. They then voted to declare that as of January 1, 1973, there would be vacancies in the newly created Justice of the Peace and Constable offices and to fill all of those vacancies with certain named persons. Appellant was not named as Constable for Precinct One. At the same meeting, the Commissioners Court uniformly set all salaries for Justices of the Peace at $10,500.00 annually and Constables at $300.00 monthly.

The Appellant testified that in 1972 the Commissioners Court set the salary for Constable, Precinct One, at $8,300.00 a year, plus a car allowance of $125.00 a month. By his suit, he seeks to recover those benefits of the office to which he contends he was elected for a four-year term. There was some testimony that had he so desired, Appellant probably would have been appointed by the Commissioners Court to the newly created office of Constable, Precinct One, but because of the salary adjustment he declined, and then brought this suit for mandamus after timely demand upon the County Auditor and County Treasurer for payment was refused. We affirm the judgment of the trial Court.

Article V, Section 18, of the Texas Constitution, Vernon's Ann.St., provides that each county shall from time to time be divided by the Commissioners Court into not less than four nor more than eight Justice of the Peace and Constable precincts. One Constable shall be elected in each precinct

for a term of four years. In Brown v. Meeks, 96 S.W.2d 839 (Tex.Civ.App.—San Antonio 1936, writ dism'd), the Court held that there can be no question as to the power of the Commissioners Court to create new precincts for the convenience of the people. That Court also noted that such redistricting could be done so as to be effective in the future, but that persons cannot become candidates for an office that does not exist. That being the case, Raymond Telles could not have been elected as Constable, Precinct One, since the precinct as it now exists was not created at the time of his election. The Court in that opinion went on to say:

"The attempted nomination of a candidate for constable of new precinct No. 1 before it comes into existence is entirely void, and no one is entitled to such a nomination. On January 1, 1937, when the new precinct for the first time comes into existence, then and in that event it will be the duty of the commissioners' court to appoint new officers for the new precinct."

The Appellant relies heavily upon three subsequent cases which seem to have reached a different result. In Childress County v. Sachse, 310 S.W.2d 414 (Tex. Civ.App.—Amarillo 1958, writ ref'd n. r. e.; 158 Tex. 371, 312 S.W.2d 380), the Commissioners Court entered an order in March, 1955, abolishing the four existing Commissioners' precincts, after the appellee had taken office on January 1, 1955. In that instance, the Court properly recognized the right of the duly elected and qualified official to serve until his term expired. Mr. Telles, unlike Mr. Sachse, never began to serve his term of office because the office was abolished prior to January 1, 1973. In Villarreal v. Busta-mante, 480 S.W.2d 231 (Tex.Civ.App.—San Antonio 1972, no writ), and Villarreal v. Brooks County, 470 S.W.2d 60 (Tex. Civ.App.—San Antonio 1971, no writ), attacks were made upon the rights of an elected official to continue to hold office for the full term of that office, where a redistricting plan had been adopted by the County. In both of those cases, the elected official had actually taken office and had served in his elected capacity and therefore the Courts properly upheld the right to serve until the term of office expired. Those decisions are not controlling in this case.

If the Commissioners Court has the authority to set the number of precincts at not less than four nor more than eight, it must have the authority to reduce the total number from eight to six, as was done in this instance. This necessarily means some elected officials will not be able to qualify and serve when redistricting takes place between the time of the election and the date such officials take office. But we find no constitutional or statutory time limit on when the Commissioners Court may order a redistricting plan into effect.

We agree with Appellant that had the Commissioners Court put the redistricting plan in effect prior to the Primary Election, this litigation could have been avoided and a proper election for the new precincts conducted under Article 2351½, Tex.Rev. Civ.Stat.Ann. Since this was not done, Appellant has not been elected to office by the voters of Precinct One, as it now exists, and it therefore became the duty of the Commissioners Court to appoint the officers for the new precinct. Brown v. Meeks, supra.

We affirm the judgment of the trial Court.