**·Brunson D. MOORE, Appellant,**

v.

**EL PASO COMMISSIONERS COURT et al., Appellees.**

**No. 6651.**

Court of Civil Appeals of Texas, El Paso.

March 29, 1978.

Rehearing Denied May 17, 1978.

Howell & Fields, Mark F. Howell, Larry G. Fields, El Paso, for appellant.

George N. Rodriguez, Jr., County Atty., Mike McDonald, Asst. County Atty., El Paso, for appellees.

## OPINION

PRESLAR, Chief Judge.

Appellant brought this suit to recover the emoluments of office as Justice of the Peace, Precinct No. 1, of El Paso County. Both parties moved for summary judgment; the trial Court granted the motion of the Defendants/Appellees and denied the motion of Plaintiff/Appellant. We affirm.

Appellant, an incumbent Justice of the Peace, filed as a candidate for office in the 1972 Democratic Primary and was elected as the Party's nominee at the Primary Election in May of 1972. By order dated July 24, 1972, the Commissioners Court of El Paso County abolished the then existing Justice of the Peace and Constable precincts and created new ones. The implementation of that order was enjoined by Appellant and others. On December 27, 1972, the Commissioners Court of El Paso County abolished, effective December 31, 1972, all of the then existing Justice of the Peace and Constable precincts numbered one through eight, and created six new precincts effective January 1, 1973. The Court, on the same day, entered its order that as of January 1, 1973, there would be vacancies in the newly created Justice of the Peace offices and the offices of Constables. Those vacancies were then filled by appointment and Appellant was not named as Justice of the Peace. He then brought this suit to recover the benefits of the office of Justice of the Peace to which he was elected in the General Election of November, 1972.

This cause of action must fail under this Court's opinion in *Telles v. Sample*, 500 S.W.2d 677 (1973, writ ref'd n. r. e.). That case is directly in point and controlling here, as it involved the same December 27, 1972 order of the Commissioners Court. It was brought by Telles, a Constable, who was not appointed in one of the new precincts and, like Appellant, sued for the emoluments of office. The trial Court denied the plaintiff any relief, this Court affirmed, and the Supreme Court denied the application for writ of error with the notation "no reversible error." There is nothing about the case before us which distinguishes it from *Telles v. Sample*, supra, to the extent that there should be a different result.

The judgment of the trial Court is affirmed.