**EL PASO COUNTY, Texas, et al., Appellants,**

v.

**Raymond TELLES, Appellee.**

**No. 6828.**

Court of Civil Appeals of Texas, El Paso.

July 25, 1979.

Rehearing Denied Aug. 22, 1979.

George N. Rodriguez, Jr., County Atty., Michael P. Davis, Albert A. Biel, Jr., Asst. County Attys., El Paso, for appellants.

John G. Gilleland, T. David Hollingsworth, Houston, for appellee.

OPINION

WARD, Justice.

This case involves the flogging of a very dead horse. On December 21, 1977, the Plaintiff filed suit against the County of El Paso, the members of its Commissioners Court, and the Constable of Precinct One of El Paso to recover his damages due from four years' loss of salary from that Constable's office, loss of emoluments of that office, loss of political reputation, mental and physical pain and suffering, exemplary damages and attorney fees. Trial was to the Court, sitting without a jury, and judgment was entered for the Plaintiff for $94,000.00 against all Defendants, the judgment being as to the individual Defendants, both in their official capacities and as individuals. The controlling issues have previously been disposed of adversely to the Plaintiff's position in *Telles v. Sample*, 500 S.W.2d 677 (Tex.Civ.App.—El Paso 1973, writ ref'd n. r. e.). Because of that final judgment, and for the additional obvious errors presented, we reverse and render.

This suit arose when on December 27, 1972, the Commissioners Court of El Paso voted to abolish the eight existing Justice of the Peace and Constable Precincts effective December 31, 1972, and to create six new precincts effective January 1, 1973. In the process, the Plaintiff lost his job. The facts were discussed in the previous *Telles* case as well as in *Moore v. El Paso Commissioners Court*, 567 S.W.2d 15 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.). In the *Telles* case, the present Plaintiff sued for his salary and emoluments of office, although there the suit was in the form of a mandamus action to compel the proper County officials to pay his salary and emoluments of office as Constable of Precinct One of El Paso. Relief was denied and that judgment is final. The Defendants' plea of res judicata in the present case should have been honored by the trial Court. *Benson v. Wanda Petroleum Company*, 468 S.W.2d 361 (Tex.1971). Their Point of Error No. Three is sustained. Since we have previously held that the action taken by the Commissioners Court of El Paso County was authorized by law, the Defendants' Point No. One raising that proposition is likewise sustained.

Within a space of five pages of the statement of facts, Telles testified as to his damages. He stated that, while acting as Constable of Precinct One and receiving a County salary, he served legal notices, notices to vacate, and other service duties for private persons and attorneys, and that he charged a personal fee for those services. He didn't remember what the amount of those fees were. His petition alleged that for these "fees of office" he was entitled to $16,000.00. Based on this testimony, the trial Court awarded the Plaintiff the sum of $19,200.00.

Telles further testified that, after his job as Constable was abolished by the Commissioners Court Order of December 27, 1972, in 1974 he ran for the office of County Clerk and lost that election. His petition alleged that he was entitled to receive the sum of $500,000.00 for "loss of political reputation." Based on the above quoted testimony, the trial Court awarded the Plaintiff

the sum of $5,000.00 for "loss of political reputation." Telles also testified that after the loss of his job he had to "regroup himself." It "altered his plans." He had some worries and loss of sleep. But mostly he was "hurt personally" and "his family suffered a lot." It caused him embarrassment and he "employed attorneys" and he spent time "talking to people and trying to correct the situation," and it certainly caused him to worry mentally. He retained attorneys in the present case and he agreed to pay them a "reasonable attorney's fee." Based on the quoted testimony, the trial Court awarded the Plaintiff the sum of $10,000.00 for mental pain and suffering, $16,000.00 for exemplary damages, and $10,000.00 for attorney fees.

Since we have sustained Points One and Three, the case is disposed of in favor of the Defendants. If we were to reach the balance of the points, we would sustain those points attacking the judgment because of the statute of limitation and we would further sustain those no evidence and insufficiency of the evidence points attacking the exemplary damages and attorney fees.

The judgment of the trial Court is reversed and it is here rendered that the Plaintiff take nothing by his suit.