**Bill CHENAULT and Betty Ann Esquivel, Appellants,**

v.

**BEXAR COUNTY, Bexar County Commissioners Court, et al., Appellees.**

**No. 4-87-00300-CV.**

Court of Appeals of Texas, San Antonio.

Jan. 20, 1988.

Rehearing Denied March 23, 1988.

William B. Chenault, III, San Antonio, pro se.

Tom E. Joseph, San Antonio, for appellants.

Ricardo J. Navarro, San Antonio, for appellees.

Before TOM F. COLEMAN, Sr., JOHN JAMES, Jr. and GERALD T. BISSETT, Assigned Justices.*

## OPINION

GERALD T. BISSETT, Assigned Justice.

This is an appeal from a judgment of the 73rd District Court of Bexar County, Texas, which upheld the order of the Commissioners' Court of Bexar County, Texas, hereinafter called the "Justice Abolition Order," that abolished three Justice of the Peace positions in Bexar County, Texas. Bill Chenault and Betty Ann Esquivel filed separate suits whereby it was alleged that such Order was void because it violated art. XVI, § 65, of the Texas Constitution. The

---

\* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to TEX.REV.CIV.STAT.ANN. art. 1812, § (d) (Vernon 1983).

two cases were consolidated and were tried to the court. Judgment which denied the plaintiffs all relief sought by them and held that the Order did not violate the Texas Constitution, was signed on April 13, 1987. Each of the plaintiffs has timely perfected an appeal from the judgment. The appeals were consolidated in this Court. Henceforth Bill Chenault and Betty Ann Esquivel, plaintiffs in the trial court, will be referred to as "appellants" or by name, and Bexar County and the Commissioners' Court of Bexar County, defendants in the trial court, will be referred to as "appellees" or as the "Commissioners' Court."

### Background

On October 29, 1985, the Bexar County Commissioners' Court passed the "Justice of the Peace/Constable Redistricting Plan '19B' " which redistricted all of the then current Bexar County Justice of the Peace precincts and created new Justice precinct positions. On December 19, 1985, the Bexar County Commissioners' Court passed the Judicial Abolition Order which abolished the place two, justice of the peace positions, in precincts one, two and three, effective December 31, 1986.

This is the second time that the Justice Abolition Order has been before this Court. *See McCraw, et al. v. Vickers,* 717 S.W.2d 738 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) and *Cowan and McCraw v. The Fourth Court of Appeals,* 722 S.W.2d 140 (Tex.1987). This Court in its opinion and judgment denied McCraw and Cowan the right to file a motion for rehearing, pursuant to TEX.R.APP.P. 190. The Texas Supreme Court dismissed the original Application for Writ of Error with a special notation, concerning the erroneous reference to TEX.R.APP.P. 190. A Petition for Writ of Mandamus was filed, pursuant to the notation of the Court. As a result, the Texas Supreme Court, issued a conditional Order of Mandamus directing this Court to allow McCraw and Cowan the right to file their motion for rehearing, stating that TEX.R.APP.P. 190 applied only to the Supreme Court. McCraw and Cowan then filed a Motion for Rehearing, which was denied by this Court. Thereafter, McCraw

and Cowan filed an application for a writ of error in the Texas Supreme Court, which was refused with the notation "no reversible error."

In *McCraw,* which should be read in connection with the instant case, the sole issues and theories raised by plaintiffs' trial pleadings and evidence presented at the trial were: 1) the Bexar County Commissioners' Court order of December 19, 1985, abolishing the justice of the peace positions violated art. V, § 18(a) of the Texas Constitution; 2) the action by the Commissioners' Court denied them due process of law; and 3) the action by the Commissioners' Court was arbitrary and constituted an abuse of discretion. This Court held that the Order complained of by McCraw and Cowan did not violate art. V, § 18(a) of the Texas Constitution; that the appellants were not denied due process of law; and that the action by the Commissioners' Court in abolishing the justice of the peace positions was not arbitrary and did not constitute an abuse of discretion.

Betty Ann Esquivel and Bill Chenault filed as candidates in the Place 2 positions for Justice of the Peace in Precincts 1 and Precinct 3, respectfully, during the litigation and appeal in *McCraw.* They did not join, nor were they joined as parties to the litigation involving McCraw and Cowan. The election officials did not remove their names from the ballots for either the primary elections (held in May) or the general election (held in November) of 1986. Ms. Esquival and Mr. Chenault conducted their campaigns without opposition and were "elected" as Justices of the Peace for the Place 2 positions in Precincts 1 and 3.

### The Instant Appeal

Ms. Esquivel, in a single point of error, and Mr. Chenault, in his first point of error, contend that the trial court erred in failing to hold that the Justice Abolition Order violated art. XVI, § 65, of the Texas Constitution (the staggered term provision), which requires that a justice of the peace run for the full term of office on a four year cycle from 1954. They say that

both sought election to a full four year term of office in the general election in November, 1986.

Art. XVI, § 65, Texas Constitution, in the first paragraph provides:

Sec. 65. Staggering Terms of Office— The following officers elected at the General Election in November 1954, and thereafter, shall serve for the full terms provided in this Constitution.

The second paragraph of art. XVI, § 65, Texas Constitution, applies (among other elected officials) to "justices of the peace."

The fourth paragraph of art. XVI, § 65, Texas Constitution, provides:

In any district, county, or precinct where any of the aforementioned officers is of such a nature that two (2) or more persons hold such office, with the result that candidates file for "Place # 1," "Place # 2," etc., the officers elected at the general Election in November, 1954, shall serve for a term of two (2) years if the designation of their office is an uneven number, and for a term of four (4) years if the designation of their office is an even number. Thereafter all such officers shall be elected for the terms provided in this Constitution.

Appellants, in their briefs, argue that if two justices of the peace are elected in a justice precinct, the candidates for Place 2 seek a full term of office in the general election in November 1986, and the candidates for Place 1 seek a full term of office in the general election in November, 1988. They further argue that if only one justice of the peace is to be elected in a justice precinct, that the candidates for that office seek a full term of office in the general election of November, 1986. They reason:

The net effect of the 'Justice Abolition Order' is that the remaining Justice of the Peace not abolished, to wit: now the ONLY Justice of the Peace in the Justice Precinct, seeks a full term of office in the General Election of November 1988, and no Justice would seek a full term of office in the staggered years, to wit: the General Elections of the November of 1986 and 1990.

If there is only one Justice of the Peace in a Justice Precinct, then the term of office of that Justice of the Peace must comply with the provisions of the SECOND Full Paragraph of art. XVI, § 65, Texas Constitution, and that Justice of the Peace must be elected in the General Election of November 1986.

In short, if the Bexar County Commissioner's Court wanted to abolish a Justice position, they were required to abolish the newly created place # 1 positions whose terms of office were not on the four year cycle from 1954, to wit: November 1988, rather than the long established place # 2 positions, whose terms of office were elected on the four year cycle from 1954, to wit: November 1986.

At the trial, the parties stipulated to certain facts. Those pertinent to this appeal read, as follows:

(1) Bill Chenault, Plaintiff herein, is, and at all relevant times was, a resident of and a qualified voter in Bexar County Justice Precinct # 3, Place # 2, who filed on or about February 3, 1986, for a place on the ballot in the Republican Primary for the position of Justice of the Peace Precinct # 3, Place # 2, and who, being unopposed, received a majority of the votes cast in the Republican Primary of May 1986 for the said position, and who received a majority of the votes cast for the said position in the November 1986 General Election.

(2) Betty Esquivel, Plaintiff herein, is a resident of Justice Precinct # 1 in San Antonio, Bexar County, Texas, whose name was placed upon the ballot for the office of Justice of the Peace Precinct # 1, Place # 2, in the Democratic Primary in May 1986, and received a majority of the votes cast in said Primary Election, and whose name was placed upon the ballot and received a majority of the votes cast on the General Election Ballot in 1986 for said office.

(3) Bexar County through its Commissioners' Court is a political subdivision of the State of Texas, wherein Tom Vickers is the County Judge.

(4) All individual parties herein are residents of Bexar County, Texas, and the Bexar County Commissioners' Court, which the governing body of the political subdivision of Bexar County, is located within Bexar County.

(5) The offices of Justice of the Peace Precinct # 1, Place # 2, and Precinct # 3, Place # 2 existed at all relevant times in the years 1985 and 1986.

(6) The Bexar County Commissioners' Court passed an Order, hereinafter referred to as the 'Justice of the Peace Place 2 Abolition Order' on or about December 19, 1985, which purportedly abolished the said place # 2 positions in Justice of the Peace Precincts one, two and three, effective December 31, 1986.

(7) Bill Chenault has filed his Oath and Bond required, at the proper time and place, in order to qualify for the assumption of duties of the office to which he was elected.

(8) Bexar County is divided into five (5) Justice of the Peace Precincts by the Bexar County Commissioners' Court.

(9) The City of San Antonio is a duly organized city in Texas under the laws of the State of Texas.

(10) San Antonio, A city in Bexar County, Texas, with a population of 800,-000 inhabitants may be found in each of the Justice of the Peace Precincts, to wit: Justice precincts # 1, # 2, # 3, # 4, and # 5.

(11) No Justice of the Peace Precinct in Bexar County contains the entire city of San Antonio.

(12) Each Justice of the Peace Precinct in Bexar County contains in excess of 100,000 inhabitants of the city of San Antonio, Bexar County, Texas.

(13) Justices of the Peace serve for four (4) year terms of office, in accordance with art. XVI, § 64 of the Texas Constitution.

(14) The Office of Justice of the Peace Precincts # 1 and # 3, Place # 2, were in existence in 1985 and 1986.

(15) The Defendants herein constitute the Bexar County Commissioners' Court.

(16) The Justice Abolition Order of the Bexar County Commissioners' Court eliminated the Place # 2 Justice positions, in Bexar County Justice Precincts # 1, and # 3, which would have sought a full term of office in the General Election of November 1986.

(17) The Place # 1 Justice positions in Bexar County, Justice Precincts # 1 and # 3 included, sought a full four year term of office in the General Election of November 1984.

(18) The Constables in Bexar County, Justice Precincts # 1 and # 3 included, sought a full four year term of office in the General Election of November 1984.

(19) The Justice of the Peace Place # 2 Abolition Order of December 19, 1985, in abolishing one Justice of the Peace in Justice Precincts # 1, and # 3, leaves only a single Justice of the Peace remaining in each said Justice Precinct.

(20) Pursuant to § 5 Voting Rights Act (a/k/a 42 USC § 1971) the Bexar County Commissioners, through a letter from County Judge Tom Vickers sent the December 20, 1985 letter to the U.S. Department of Justice, for the purpose of approval or preclearance of the said Justice of the Peace # 2 Abolition Order, as required by the U.S. Code.

(21) The response of the U.S. Department of Justice to said request, which stated that the U.S. Attorney General did not interpose any objections to the said Justice of the Peace Place # 2 Abolition Order, was dated on or about February 20, 1986, and received in Bexar County on or about February 24, 1986.

(22) The statutory period for filing to seek the office of Justice of the Peace in Bexar County, and other offices in this State, was between January 1, 1986 and February 3, 1986.

The trial court filed findings of fact and conclusions of law, as follows:

### FINDINGS OF FACT

(1) On October 30, 1985, the Bexar County Commissioners' Court approved the 'Justice of the Peace/Constable Redistricting Plan No. 19B' which redistrict-

ed all of the then current Bexar County Justice of the Peace Precincts and created new Bexar County Justice Precinct positions.

(2) On December 19, 1985 the Bexar County Commissioners' Court passed an order which abolished placed TWO justice of the peace positions in Bexar County Justice of the Peace Precincts one, two and three, effective December 31, 1986.

(3) Plaintiffs Betty Ann Esquivel and Bill Chenault were the nominees of the Democratic and Republican Parties for the positions of Justice of the Peace, Precinct 1, Place TWO and Justice of the Peace, Precinct 3, Place TWO positions without any opposition.

(4) Plaintiffs Betty Ann Esquivel and Bill Chenault won the November 4, 1986 general election for the Justice of the Peace, Precinct 1, Place TWO and Precinct 3, Place TWO positions.

(5) No Justice of the Peace precinct in Bexar County contains the entire City of San Antonio.

(6) No city with a population of 18,000 or more inhabitants is 'wholly' or entirely contained within a single Justice of the Peace precinct in Bexar County, Texas.

### CONCLUSIONS OF LAW

(1) It was within the authority and jurisdiction of the Bexar County Commissioners' Court to abolish the positions of Bexar County Justice of the Peace, Precinct One and Three, Places TWO.

(2) The Bexar County Commissioners' Court order dated December 19, 1985 which abolished the positions of Bexar County Justice of the Peace, Precinct One and Three, Places TWO do not conflict with the provisions of the Texas Constitution.

(3) Commissioners' Courts are given broad powers by the Texas Constitution in creating and abolishing justice of the peace courts within a county.

(4) The Bexar County Commissioners' Court did not abuse the discretion conferred on it by law when it abolished the positions of Bexar County Justice of the

Peace, Precinct One, and Three, Places TWO.

(5) The Bexar County Commissioners' Court actions in abolishing the positions of Bexar County Justice of the Peace, Precinct One and Three, Places TWO, did not unconstitutionally violate art. XVI, § 65 (the 'staggered terms' provisions) of the Texas Constitution.

(6) As a matter of law, a city of 18,000 or more inhabitants, must be wholly and entirely within a single Justice of Peace Precinct in order to come within the Texas Constitutional provision requiring the election of two Justice of the Peace.

(7) There was sufficient evidence to justify the Bexar County Commissioners' Court's action in abolishing the position of Bexar County Justice of the Peace, Precinct Three, Place TWO.

(8) The action of the Bexar County Commissioners' Court in abolishing the position of Bexar County Justice of the Peace, Precinct Three, Place TWO was not arbitrary and capricious.

(9) The Bexar County Judge and the Bexar County Commissioners' Court do not have a ministerial duty to deliver a certificate of election to the Plaintiff.

The voters of Texas added art. XVI, § 65, to the Texas Constitution on November 2, 1954, and amended it on November 4, 1958. Read in conjunction with art. XVI, § 64, which extended the terms of elective district, county, and precinct officers from two to four years, § 65 was meant to stagger the effects of § 64 so that all elective, district, county, and precinct offices would not expire in the same year.

By order dated January 4, 1982, the Commissioners' Court created new precinct boundaries in Bexar County, effective January 1, 1983, and established two new Place 2 justice of the peace positions in Precincts 2 and 3. At that time Precinct 1 already had two justices of the peace and Precincts 4 and 5 each had one justice of the peace. The order of January 4, 1982 established a second position in Precincts 2 and 3 to comply with art. V, § 18(a), of the Texas Constitution which mandated two justice of the peace positions in precincts

containing cities in excess of 8,000 inhabitants within its boundaries, since at that time each precinct had a city of 8,000 located entirely within its boundaries.

The order of January 4, 1982 required the four justice of the peace positions in Precincts 2 and 3 to run for office in the general election of 1982. The candidates for the positions designated as Place 1 in each respective Precinct ran for an initial term of two years, whereas the candidates for the positions designated as Place 2 ran for an initial term of four years. Thereafter, all candidates for the four positions ran for the full four year term of office. In this fashion, the Commissioners' Court complied with the staggered election requirement of art. XVI, § 65. When the population requirement of art. V, § 18(a), was increased from 8,000 to 18,000 inhabitants, the Commissioners' Court had discretion to abolish one of the two justice of the peace positions in each precinct, so long as the new population requirement (18,000 inhabitants) was not met. *McCraw v. Vickers,* 717 S.W.2d at 745.

The decision to abolish the affected justice of the peace positions was motivated by several factors. First, the Commissioners' Court had to meet projected budget shortfalls for the upcoming years. In addition, after considering accounting studies and analyzing case loads in each justice of the peace precincts, the Commissioners' Court determined that one such position in each precinct would meet the needs of the local population.

■ Art. XVI, § 65, of the Texas Constitution should not be interpreted out of context with other constitutional provisions to limit the administrative power of Commissioners' court over county business. Rather, it should be read in conjunction within the framework of other pertinent constitutional provisions, to allow the Commissioners' Court the administrative discretion it needs to handle county affairs.

Between 1891 and 1958, art. V, § 28, of the Texas Constitution provided that vacancies in the office of Justices of the Peace "shall be filled by the Commissioners' Court until the next general election for such offices." In *Rawlins v. Drake,* 291 S.W.2d 349 (Tex.Civ.App.—Dallas 1956, no writ), which addressed art. V, § 28, a justice of the peace elected to a four year term under the provisions of art. XVI, § 65, resigned in 1955 after serving less than two months of his four year term. The Dallas County Commissioners' Court appointed Will S. Hash to the vacant position. In 1956, Wiley Rawlins applied for a position on the 1956 Democratic primary ballot for the position, on the ground that Hash's appointment was only until the next general election, that is, in 1956. The Court of Civil Appeals disagreed with Rawlins and interpreted the provision of art. V, § 28, to mean that the position would not be up for election until 1958, not 1956. The Court reasoned that the phrase "for such office" meant that a four year cycle was contemplated, rather than a two year cycle.

The significance of *Rawlins v. Drake* is that two years later, in 1958, art. V, § 28, was amended to read "until the next succeeding General Election." Consequently, art. V, § 28, now allows the shortening of a four year term to a two year term because a vacancy filled by appointment will not extend past the next succeeding general election, which is held every two years.

In *Dollinger v. Jefferson County Commissioners Court,* 335 F.Supp. 340 (E.D. Tex.1971), Jefferson County had recently re-redistricted and re-drawn its (County Commissioners') precinct lines. However, in one of the re-districted County Commissioners' Precincts, less than 50% of the population had been in the Precinct when the incumbent commissioner was elected. The provisions of art. XVI, § 65, appeared to require that this particular Commissioner serve until 1974. To circumvent this potential violation, the judge ordered an election in Precinct 2 for a commissioner to serve only two years, beginning in 1972. Requiring the Precinct 2 commissioner to run for election in 1972 violated the express terms of art. XVI, § 65, but by allowing the newly elected commissioner to serve for only a two year, rather than a four year term, the Precinct 2 commissioner was timed on a staggered term with the

commissioners of Precincts 1 and 3. The reasoning and holding in that case supports the judgment of the trial court in this case.

██ It is undeniable that the abolishment of the Place 2 justice of the peace positions in Precincts 1, 2 and 3 left the timing of the remaining justice of the peace positions on an unstaggered election cycle with the precinct constables, an apparent violation of violation of art. XVI, § 65. The proper remedy for this violation, however, is not to hold the Justice Abolition Order void, but simply that the Commissioners' Court pass another order resetting the election cycles of the remaining justice of the peace positions to be staggered with that of the respective constables offices. The Texas Constitution affords the Commissioners' Court the discretion to make such corrections.

There are precedents for the Commissioners' Court to make such corrections in order to comply with the staggered term provisions of the Texas Constitution. The order of January 4, 1982, for instance, required that the justice of the peace Place 1 positions in Precincts 2 and 3 be for an initial term of only two years. In addition, art. V, § 18, of the Texas Constitution gives the Commissioners' Court authority to handle "all county business," which, under certain circumstances, includes the creation and abolishment of justice of the peace positions. The courts have held that this grant of authority must be given "a broad and liberal construction." *Cowboy Country v. Ellis County*, 692 S.W.2d 882, 887 (Tex.App.—Waco 1985, no writ); *Rodgers v. County of Taylor*, 368 S.W.2d 794, 796 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.). *See also Glenn v. Dallas County Bois D'Arc Island Levee Dist.*, 275 S.W. 137 (Tex.Civ.App.—Dallas 1923, no writ). A fair reading of the constitutional provisions pertaining to the offices of the justices of the peace supports the action of the Commissioners' Court at issue here. Although the Constitutional provisions undeniably set limits to the number of justice of the peace precincts to be created, and establishes conditions based on census figures that the Commissioners' Court must

abide by in creating justice of the peace positions (places), it can hardly be refuted that the constitutional guidelines leave a wide range of discretionary power to the Commissioners' Court in the conduct of county business pertinent to the offices of justice of the peace.

We hold that the passage of the Justice Abolition Order by the Commissioners' Court of Bexar County, Texas, did not violate art. XVI, § 65, of the Texas Constitution. The points of error are overruled.

██ Mr. Chenault, in his second point of error, contends that the "trial court erred in upholding the actions of the Bexar County Commissioners' Court which were taken without the required enabling legislation, which was necessary to authorize the Commissioners to carry any constitutional principle into effect." We do not agree.

"An officer has no vested right in the office held by him, and thus cannot complain of an abolishment of such office ..." *Tarrant County v. Ashmore*, 635 S.W.2d 417, 422 (Tex.1982). That rule applies to this case, where the persons who attack the order of the Commissioners' Court are not an office-holders, but candidates for election to the abolished office. Moreover, the constitutional provisions involved in this appeal constituted a grant of power from the people of this state to the Commissioners' Court to pass the order complained of by the appellant Chenault. Therefore, enabling legislation was not required. *See Tarrant County v. Ashmore*, at 423.

In *Canales v. Laughlin*, 147 Tex. 169, 214 S.W.2d 451, 453 (1948), it was held that the Commissioners' Court can only exercise such powers as the Constitution itself *or* the statutes have "specifically conferred upon them." In the instant case, the Constitution itself has, in effect, conferred upon the Commissioners' Court the power to abolish the justice of the peace positions complained of in this appeal.

In discussing the power or authority of the Commissioners' Court pursuant to art. V, § 18, of the Texas Constitution, the Court, in *State ex rel. Dowlen v. Rigsby*, 17 Tex.Civ.App. 171, 43 S.W. 271, writ

ref'd, 91 Tex. 351, 43 S.W. 1101 (1897), speaking through Justice Williams, held:

> ... When the commissioners' court was organized, in pursuance of the constitution and the laws passed thereunder, it possessed all powers conferred by both. When the court was once established, no legislation was needed to enable it to exercise the powers given by the above provision, to divide the county into precincts. The direction is plain and simple, and without condition or restriction, except that as to the number of precincts....

The holding was approved by the Supreme Court in *Williams v. Castleman*, 112 Tex. 193, 247 S.W. 263 (1922). In addition, it was noted (247 S.W. pages 266 and 267) by the Court:

> ... The Constitution has prescribed that the power of determining the number of justice precincts, and of dividing the county into them, shall be exercised 'from time to time,' which means it has a potential existence at all times, and the division, redivision, or redetermination may be made at any time. *State ex. rel. Dowlen v. Rigsby*, 17 Tex.Civ.App. 171, 43 S.W. 271, 273.
>
> \*   \*   \*   \*   \*   \*
>
> ... But legislation was not necessary to enable the commissioners' court to exercise any of the powers given in this provision of the Constitution. *State ex. rel. Dowlen v. Rigsby*, 17 Tex.Civ.App. 171, 43 S.W. 271.

We hold that it was not necessary that there be enabling legislation in order for the Commissioners' Court of Bexar County, Texas, to pass the Justice Abolition Order in order to carry the constitutional principle into effect. *McCraw v. Vickers*, at 743. Chenault's second point of error is overruled.

■ In his third point of error, Chenault asserts that "the trial court erred in failing to set aside the Order of the Commissioners' Court, as arbitrary and capricious, because the said Order was not supported by any evidence before the Court." The point cannot be sustained. The case of *Villarreal v. Brooke County*, 470 S.W.2d 60 (Tex.

Civ.App.—San Antonio 1971, no writ), relied upon by Chenault, is not in point.

The Justice Abolition Order is not the product of a trial, and the Commissioners' Court is not required in this case to show that a minimum quantum and quality of evidence exists to support the Order, as is the case where a judgment of a trial court is reviewed by an appellate court. Rather, the Justice Abolition Order is an administrative decision by the governing body of the county in its quasi-legislative capacity. *Grant v. Ammerman*, 437 S.W.2d 547, 550 (Tex.1969); *Williams v. Castleman*, 112 Tex. 193, 247 S.W. 263 (1922); *Tarrant County v. Ashmore*, 635 S.W.2d 417 (Tex. 1982).

Although a district court has supervisory jurisdiction over actions of the Commissioners' Court in its administrative capacity, that power "can only be invoked when the Commissioners' Court acts beyond its jurisdiction or clearly abuses the discretion conferred on it by law." *James v. Morton*, 385 S.W.2d 702, 706 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.). *See Alley v. Jones*, 311 S.W.2d 717, 721 (Tex.Civ.App.—Beaumont 1958, writ ref'd n.r.e.), and *Rodriguez v. Vera*, 249 S.W.2d 689 (Tex.Civ.App.—San Antonio 1952, no writ).

Moreover, as already noted, there is evidence in the record which shows why the Commissioners' Court decided to abolish the justice of the peace positions. The testimony of Bexar County Judge Tom Vickers, Commissioner Walter Bielstein and Assistant Bexar County Auditor Dan Johnson constitutes evidence that there was no need for the abolished positions. The Commissioners' Court did not act arbitrarily nor did it abuse its discretion by passing the Justice Abolition Order. The third point of error is overruled.

Chenault, in his fourth point of error, asserts that "the trial court erred in failing to require the County Judge and the Commissioners' Court to perform their ministerial duties under the Texas Election Code." He says that under the circumstances, the County Judge and the Commissioners' Court were required by law to accept his

oath and bond for office, and to issue to him a certificate of election.

Chenault relies on *Grant v. Ammerman,* 437 S.W.2d 547 (Tex.1969), in support of his position. He argues:

> The Commissioners' Court of Bexar County has no authority to go behind the election returns to determine that the Office of Justice of the Peace had been abolished, and that there was no office in being, and thus the candidate whose name was placed on the general ballot was entitled to an order ordering the county judge and the commissioners to canvass returns, declare the result of the election, and perform other actions which were an integral part of the election process.

In *Grant,* the Commissioners' Court, sitting as a canvassing board, refused to canvass relator's votes regarding his election to the office of Justice of the Peace, Place 1. As in the case before us in this appeal, the relator's name had appeared on the ballot for the general election and he asserted that he had received a majority of the votes. Several months earlier, the Commissioners' Court had abolished the office of Justice of the Peace, Place 1, but the relator ran for election to the office anyway. The Commissioners' Court refused to canvass the votes on the ground that the office had been abolished.

*Grant* is distinguishable from the case at bar. The issues presented in that case were: 1) whether the Texas Supreme Court had jurisdiction to order the Commissioners' Court to canvass the election returns and declare the election results, and 2) whether the Supreme Court had jurisdiction to order the Commissioners' Court to reinstate the abolished office of Justice of the Peace. Those issues are not presented in this appeal.

In regard to the first issue, the Supreme Court, in *Grant,* concluded that its power of original mandamus process under the specific statutory authority of art. 1735(a) was properly invoked, regardless of the existence of the office in issue. With respect to the second issue, the Court refused to rule on the merits, reasoning that a district court in the exercise of its general supervisory control over orders of the Commissioners' Court could review the order abolishing the Justice of the Peace position.

This case, however, does not involve a mandamus proceeding, nor an appeal therefrom. It involves an appeal from a judgment of a district court. While the Commissioners' Court, in *Grant,* could not legitimately refuse to comply with its ministerial duty in the light of the courts mandamus jurisdiction, the district court below in this case could certainly decide whether such action was necessary. Upon finding that the Justice Abolition Order was not invalid, the district court was not required to engage in the pointless task of ordering the Commissioners' Court to certify Chenault's election, and require the Commissioners' Court to accept his oath of office and to issue his certificate of election, when the office had already been lawfully abolished. Chenault's fourth point of error is overruled.

In his fifth point of error, Chenault claims that the trial court erred in upholding the Justice Abolition Order because it is in direct violation of art. V, § 18(a), of the Texas Constitution. We do not agree.

Article V, § 18(a) of the Texas Constitution provides in the last sentence, as follows:

> In each such precinct there shall be elected one Justice of the Peace and one Constable, each of whom shall hold his office for four years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 18,000 or more inhabitants, there shall be elected two Justices of the Peace.

The issue has been resolved against Chenault. In *McCraw,* 717 S.W.2d 738, 743, this Court held:

> ... The passage of the 'Justice Abolition Order' did not violate art. V, § 18, of the Texas Constitution. As a matter of law, a city of 18,000 or more inhabitants must be wholly and entirely within a single justice precinct in order for a second justice of the peace to be authorized ...

Here, there is no city within the affected justice of the peace precincts with a population of 18,000. Chenault's fifth point of error is overruled.

■ Chenault, in his sixth point of error, asserts that "the trial court erred in failing to set aside the order of the Commissioners' Court as not being timely, since the order did not have the force or effect of law until almost three weeks after the filing deadline had passed." He argues:

The said Order of the Commissioners' Court was passed on December 19, 1985. Because of the provisions of 42 USC § 1971 *et seq.* the orders of Commissioners' Court did not have the force or effect of law until approved, or the 60 day (February 17, 1986) to 120 day (April 18, 1986) period for objection had expired, by the U.S. Department of Justice.

The dates to file for office were from January 1, 1986 to February 3, 1986. No action was taken by the U.S. Department of Justice until about February 24, 1986, well after the date that a decision concerning filing for an office had expired.

Any such action of the Commissioners' Court relating to the election process, such as precinct boundaries, existence of offices and other such actions must be made on a timely basis to afford proper due process, equal protection, and to comply with the provisions of the Texas Election Code, to wit: § 42.031.

All citizens and prospective candidates have a right to have final decisions upon which they can place some reliance, in sufficient time to make informed decisions concerning becoming a candidate for a public office. All other candidates for all other offices were afforded that right and specific decision, and Appellants also had the right to a final decision concerning the existence of the public office in sufficient time before the filing deadline.

There is no constitutional or statutory limit on when a "Justice Abolition Order must become effective." *Moore v. El Paso Commissioners Court,* 567 S.W.2d 15 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r. e.); *Telles v. Sample,* 500 S.W.2d 677 (Tex.

Civ.App.—El Paso 1973, writ ref'd n.r.e.); *Brown v. Meeks,* 96 S.W.2d 839 (Tex.Civ. App.—San Antonio 1936, writ dism'd).

The Commissioners' Court, passed the Justice Abolition Order more than one year prior to its effective date, thereby giving everyone notice that the Place Two justice of the peace positions would be abolished. The effective date allowed the incumbent justices of the peace to finish their terms of office. The appellants had not filed for election at the time the Justice Abolition Order was passed. Chenault's sixth point of error is overruled.

The judgment of the trial court is AFFIRMED.

TOM F. COLEMAN, Sr., Assigned Justice, concurring.

I concur in the judgment rendered. However, I would hold that TEX. CONST. art. XVI, § 65, required that the election for the office of Justice of the Peace, Precinct No. One of Bexar County, Texas, be held in the years 1984 and each four years thereafter. *Fishing v. El Paso County Democratic Executive Committee,* 534 S.W.2d 886 (Tex.1976).

The third paragraph of § 65 requires that were there are two Justices of the Peace in a single precinct, the person elected to the place with an uneven number serve for an initial term of two years, but that thereafter, the term of that office would be four years.

The question arises in the case by reason of the fact that in Precincts One and Three of Bexar County two Justices were established as authorized by TEX. CONST. art. V, § 18(a) at a time when these precincts had within their boundaries a city of 8,000 inhabitants. After art. V, § 18(a) was amended to require two courts in a precinct "in which there may be a city of 18,000 or more inhabitants," on October 29, 1985, the Bexar County Commissioners Court redistricted all of the Justice of the Peace precincts and created new Justice precinct positions. Thereafter, on December 19, 1985, the Commissioner's Court passed an order abolishing the Place Two positions in Precinct One, Two, and Three, effective December 3, 1986.

The order abolishing these positions was before this court previously and was determined not to violate TEX. CONST. art. V, § 18(a). We did not at that time consider the question as to whether the order violated TEX. CONST. art. XVI, § 65 requiring that the terms of the office of certain county officials be staggered to avoid the necessity of these officials running for office in the same year. *McCraw v. Vickers,* 717 S.W.2d 738 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.).

The question is again raised in this case as to the power of the Commissioner's Court to abolish a Justice of the Peace position. In addition to the authority cited in *McGraw v. Vickers, supra,* I consider the holding supported by other cases in which the authority to abolish was never questioned. *McGuire v. Hughes,* 452 S.W. 2d 29 (Tex.Civ.App.—Dallas 1970, no writ); *Villanueva v. Harville,* 419 S.W.2d 711 (Tex.Civ.App.—San Antonio 1967, no writ); *Carver v. Wheeler County,* 200 S.W. 537 (Tex.Civ.App.—Amarillo 1918, no writ).

It appears that the Supreme Court of Texas considered that art. V, § 18, was a grant of power from the people of this State sufficient to authorize an order abolishing all "Justice Precincts and each of the offices therein...." *Tarrant County v. Ashmore,* 635 S.W.2d 417, 419, 423 (Tex. 1982). Finally, in *Grant v. Ammerman,* 437 S.W.2d 547 (Tex.1969), the Court, in a case similar to the one under consideration, refused to require by mandamus the reinstatement of the office of Justice of the Peace, Place 1, Justice Precinct 5 of Harrison County which had been abolished by order of the Commissioner's Court, because the relator had an adequate remedy in the district court to challenge the order. The court also stated at page 549: "... whether the office was in existence or has been abolished was and is a disputed question ..." It would appear that if the court lacked power to abolish the position, there could be no dispute but that the position had not been abolished. *See State ex. rel. Dowlen v. Rigsby,* 17 Tex.Civ.App. 171, 43 S.W. 271, *writ denied,* 91 Tex. 351, 43 S.W. 1101 (1897).

TEX. CONST. art. V, § 18(a) provides:

[E]ach county in the State with a population of 30,000 or more, according to the most recent federal census, from time to time, for the convenience of the people, shall be divided into not less than four nor more than eight precincts ... in each such precinct there shall be elected one Justice of the Peace and one constable each of whom shall hold his office for four years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 18,000 or more inhabitants, there shall be elected two Justices of the Peace.

This constitutional provision not only authorizes two Justices of the Peace in precincts not within the exception to the general rule.

Art. 2351½(b) provides:

(b) When boundaries of ... justice precincts are changed, the terms of office of the ... justices of the peace ... then in office shall not be affected by such change, and each of them shall be entitled to serve for the remainder of the term to which he was elected even though the change in boundaries may have placed his residence outside of the precinct for which he was elected.

The Justices of the Peace for Precincts One and Three, Place No. 1, had been elected in 1984 and were "then in office" when the Commissioner's Court passed the "Justice of the Peace/Constable Redistricting Plan '19B'," and were entitled to serve the balance of the terms to which they were elected. The plaintiffs in this case were not "in office" on October 29, 1985, when the redistricting plan was enacted nor on December 31, 1986, when the order abolishing Place No. Two became effective. The Justices of the Peace for Place No. One, were the only Justices of the Peace authorized by law for Precincts One and Three. *Telles v. Sample,* 500 S.W.2d 677 (Tex.Civ. App.—El Paso 1973, writ ref'd n.r.e.).

In *Fashing v. El Paso County Democratic Exec. Comm.,* 534 S.W.2d 886, 889–90 (Tex.1976), the Supreme Court held,

Articles 5, § 30 and 16, § 65 are companion amendments and while Article 5, § 30

clearly sets the general term of office, it does not function independent of the qualifications of Article 16, § 65. Section 65 of Article 16 is not merely a transitional provision but fully limits, qualifies and schedules the four year terms set by Section 30 of Article 5; both as to offices in existence in November 1954, and those created thereafter.

\*     \*     \*     \*     \*     \*

Offices created after November 1954, whose first election is at an intervening general election and not on the proper schedule, are not initially elected to a full four year term but are elected only for the remainder of the unexpired term as it is determined by § 65.

The same reasoning is applicable here. The election to be held in 1988 for the office of Justice of the Peace, Precincts One and Three will be for a term of two years. No election was required in 1986 and the plaintiffs are entitled to no relief because the office to which they sought election was abolished before they were entitled to assume office.

The "Justice Abolition Order" was not void for the reason asserted by appellants, in that it did not violate Article XVI, § 65.

I concur in the opinion of Justice BISSETT on the other questions discussed.