**Jean W. HISGEN, Appellant,**

v.

**Doris D. HISGEN, Appellee.**

Court of Appeals of Kentucky.

March 4, 1966.

Earle M. Nichols, Nichols & Nichols, Madisonville, for appellant.

Carroll Morrow, Moore, Morrow & Frymire, Madisonville, for appellee.

HILL, Judge.

Appellant, the husband, appeals from a judgment granting divorce to appellee and approving an agreement pertaining to the custody of two children of the parties and their property rights.

Appellee, the wife, filed suit on January 12, 1965, asking for divorce, custody of two children, alimony and support for the children.

On the same date the parties entered into a written agreement settling their property rights as well as the custody of their children. This agreement was supplemented on the following day. Summons was served on defendant January 13, 1965.

On January 12, 1965, appellant filed answer entering his appearance and agreeing that "depositions may be taken without notice to him" and consenting that "judgment may be made and judgment entered without notice to him."

Appellee took depositions on January 13, 1965.

The following day appellant filed an amended answer in which he withdrew his original answer and sought to repudiate his agreement. The next day, January 15, 1965, an agreed order was entered providing that, "By agreement of the parties the defendant is permitted to withdraw his amended answer. It will remain in the record."

The parties herein have stipulated that the following endorsements appear on the back of the complaint:

"Plaintiff may have divorce and agreement made part of the judgment. January 19, 1965.

C. J. Waddill, Judge.

After the above endorsement had been made, Hon. Frederick Nichols handed to the Judge of this Court a paper styled second amended answer. January 19, 1965.

C. J. Waddill, Judge."

The judgment appealed from was entered January 21, 1965. To reverse the judgment, appellant contends it is void and was entered prematurely.

By résumé, let it be kept in mind three answers were filed by appellant: The first—entering appearance, waiving notice of further proceedings, and requesting approval of the agreement (January 12); the second—withdrawing the first, denying allegations of the complaint, and seeking to avoid the agreement (January 14); and the third—reiterating substantially the allegations of the second (January 19). All three were filed within twenty days after service of summons as is required by CR 12.01.

■ As indicated above, the judgment was announced and a sufficient memorandum made thereof before the tender of his second amended answer on January 19. So, the question is whether the agreed order of January 15 withdrawing appellant's first amended answer operated to reinstate or reestablish his original answer. We think it was clearly the intention of the parties to do just that. Otherwise, there would have been no point in withdrawing the first amendment. This being the case, appellant was not entitled to the notices required by CR 5.01 or CR 7.02.

■ It is next insisted the judgment was prematurely entered. Appellant had a right "as a matter of course" to file one amendment to his answer under CR 15.01 without leave of court. However, having filed one amendment on January 14 (withdrawn by agreement), he had no right *without permission of the court* to file a second amendment. Permission to file the second amended answer, tendered to and filed by the clerk, was not requested of the court. At first impression, it may appear this is a harsh rule. This is not so. Any other interpretation of CR 15.01 would permit a litigant to withdraw and amend his pleadings time and time again without limitation except for the twenty day period of time therein provided. Appellant had a right under CR 15.01 to apply to the court for permission to file his second amendment, which he failed to do.

The judgment is found not to have been prematurely entered and is affirmed.