**A. L. McGUIRE, Relator,**

v.

**Charles E. HUGHES, Respondent.**

**No. 17477.**

Court of Civil Appeals of Texas, Dallas.

Feb. 24, 1970.

Jack G. Kennedy, Brown, Kennedy, Hill & Minshew, Sherman, for relator.

Charles E. Hughes, Sherman, for respondent.

Buddy Dicken, Sherman, amicus curiae.

CLAUDE WILLIAMS, Justice.

This is an original proceeding wherein Relator A. L. McGuire asks us to issue a writ of mandamus directing the Respondent Charles E. Hughes, Democratic County Chairman of Grayson County, Texas, to omit from the official ballot of the primary election of the Democratic Party in Grayson County, Texas, to be held on May 2, 1970, the office of Justice of the Peace, Precinct 1, Place 1, Grayson County, Texas.

A. L. McGuire is the duly elected and acting Justice of the Peace, Precinct 1, Place 1, Grayson County, Texas. Respondent Charles E. Hughes is the duly elected and acting Democratic County Chairman of the Democratic Party Executive Committee of Grayson County, Texas.

Relator was elected to the office of Justice of the Peace, Precinct 1, Place 1, Grayson County, Texas, in 1960, for a term of four years, which he served. In 1964 he was re-elected for another four-year term, which he served. By order dated January 24, 1967, the Commissioners Court of Grayson County, Texas abolished the office of Justice of the Peace, Precinct 1, Place 2, Grayson County, Texas. In 1968 Relator was again a candidate for the office of Justice of the Peace, Precinct 1, Place 1, in the primary election of the Democratic Party held in May 1968. He was duly elected as the Democratic nominee. Thereafter he was elected to said office in the general election held in November 1968. The ballot in both the primary and general elections of 1968 did not contain the words "unexpired term" printed after the title to the Office of Justice of the Peace, Precinct 1, Place 1.* Thereafter in January 1969 Relator was sworn into said office and has continued to serve in said position since that time.

On January 13, 1969 the Office of the Secretary of State of Texas wrote Paul E. Lee, County Clerk of Grayson County, Texas, a letter concerning the office of the Justice of the Peace, Precinct 1, Place 1, Grayson County, Texas. Therein it was stated, as the opinion of the Secretary of State, that in view of the abolition of the other justice precinct that Precinct 1, Place 1, was a "one-justice" precinct and that Relator had really been elected in 1968 to serve the unexpired portion of the regular term and that such term would expire December 31, 1970. After receipt of this letter Paul E. Lee, County Clerk, advised Respondent Charles E. Hughes that he would place the office of Justice of the Peace, Precinct 1, Place 1, on the ballot in the general election and that the County Chairman should do the same for the Democratic Primary. On Friday, January 30, 1970 Relator was informed by Respondent, acting in his capacity as Democratic County Chairman, that an election for the office of Justice of the Peace, Precinct 1, Place 1, Grayson County, would be held in the primary election of the Democratic Party to be held on May 2, 1970 and that if Relator desired to be a candidate for such office it would be necessary that he file his application as a candidate before the deadline for filing, to-wit, February 2, 1970. Respondent also advised Relator that one other candidate had already filed his application to be placed on the ballot. Thereafter, before the filing deadline other candidates filed their applications to be placed on the official ballot for said office.

Relator, through his attorney of record, requested Respondent not to place any names of candidates on the official ballot for the reason that Relator had been duly and legally elected in 1968 for a period of four years and such term would not expire until December 31, 1972. Respondent, acting upon information and opinion rendered to him by the County Clerk as well as the Secretary of State of the State of Texas, and having no personal interest in the matter but acting solely in his official capacity, informed Relator that an election would be held for said office in the primary election of the Democratic Party and that all candidates who timely and properly filed their applications would be placed on the official ballot and that the winner would be the Democratic nominee for Justice of the Peace, Precinct 1, Place 1, Grayson County, Texas, in the general election to

---

* V.A.T.S. Election Code, Art. 6.05d, provides:

"Whenever, in any general election or in any primary election for making nominations for a general election, an election is to be held for an unexpired term in an office, the words 'unexpired term' shall be printed after the office title on the official ballot."

be held in November 1970. It is this action that Relator asks us to prevent.

We have jurisdiction of this matter pursuant to the specific provisions of Art. 1735a, Vernon's Ann.Civ.St. of Texas. The primary question to be decided is whether the Office of Justice of the Peace, Precinct 1, Place 1, Grayson County, Texas, is required to be filled by the 1970 general election of the State of Texas.

Respondent advances no legal argument for or against Relator's position, candidly stating that he is in no way personally a party to this suit and that in expressing his purpose to include the office in question on the Democratic Primary ballot on May 2, 1970 he was doing so in accordance with directives of the Secretary of State of the State of Texas who is designated as the Chief Election Officer of the State. He asks that we consider all of the law on the question in justice to all of the parties and that he will obey the mandate of the court. We commend Respondent for his attitude and the position he takes.

While Relator has supported his contention with several points we believe that the question presented is clearly and definitely answered by the plain and explicit provisions of the Constitution of the State of Texas.

Formerly justices of the peace of the State of Texas were elected for a two-year term. In 1954 Art. 5, Sec. 18 of the Constitution of the State of Texas, Vernon's Ann.St., was amended by the people so as to provide that the office of justice of the peace was converted from a two- to a four-year term. The same section of the Constitution provided that in any precinct in which there may be a city of 8,000 or more inhabitants, there shall be elected two justices of the peace. It is stipulated that Precinct 1 of Grayson County, Texas contains a city, namely Sherman, which has more than 8,000 inhabitants.

In 1954 there were two justices of the peace in Precinct 1, and said offices continued until the abolishment of the office of Place 2, by order of the Commissioners Court in 1967.

In the same year, 1954, Art. 16, Sec. 65, of the Constitution of the State of Texas, was amended and the last paragraph thereof provided:

"In any district, county or precinct where any of the aforementioned offices [including justices of the peace] is of such nature that two or more persons hold such office, with the result that candidates file for 'Place No. 1,' 'Place No. 2,' etc., the officers elected at the general election in November, 1954, shall serve for a term of two years if the designation of their office is an uneven number, and for a term of four years if the designation of their office is an even number. *Thereafter, all such officers shall be elected for the terms provided in this Constitution.*" (Emphasis supplied.)

By the plain provisions of this section of the Constitution the Justice of the Peace for Precinct 1, Place 1, Grayson County, Texas, would run for a two-year term in 1954. Then, in 1956 the term would become a four-year term, as provided by the provisions of Art. 5, Sec. 18, of the Constitution, which would make the term expire in 1960. Thus, when Relator McGuire was elected in 1960 and in 1964 there was no question but that such terms were for a four-year period. The fact that the Commissioners Court of Grayson County abolished the Office of Justice of the Peace, Precinct 1, Place 2, in 1967, does not, in our opinion, have the legal effect of reducing the constitutional four-year term of Justice of the Peace, Precinct 1, Place 1, Grayson County to two years. The constitutional provision is clear and unambiguous that following the first two-year term of the uneven numbered office (as was Place No. 1) that thereafter, all justices of the peace would be elected for the term provided for in the Constitution, namely, four years. We hold that under

**32**

such constitutional mandate the term of office to which Relator McGuire was elected in 1968 was for a period of four years, ending December 31, 1972.

 It has been declared in many cases that a public office is property. 47 Tex. Jur.2d, § 7, p. 18. This is certainly true in the sense that a person elected to an office established by law, and duly qualified for same by taking the oath of office, has a property right to the possession of the office and enjoyments of its rights and emoluments all of which the Constitution protects and the courts will enforce. State ex rel. Jennett v. Owens, 63 Tex. 261 (1885). Judge McGuire was duly and legally placed into possession of his office in 1968 for a constitutional term of four years. During that period he has the vested right and privilege to exercise the official duties of the office and to receive the compensation provided by law. Such may not be denied him by administrative edict or as a result of the Commissioners Court's action in abolishing another office in the same precinct. To sanction such would open wide a Pandora's Box of uncertainty and confusion.

Accordingly, it is evident that the Office of Justice of the Peace, Precinct 1, Place 1, Grayson County, Texas, should not appear on the ballot of the Democratic Primary on May 2, 1970 and that a writ of mandamus should be and is here and now issued directing that Respondent Charles E. Hughes, as Democratic County Chairman of Grayson County, Texas, be directed to omit from the official ballot of the primary election of the Democratic Party in Grayson County, Texas to be held on May 2, 1970, the Office of Justice of the Peace, Precinct 1, Place 1, Grayson County, Texas, as well as the names of any candidates who filed an application with Respondent to have their names placed on the official ballot for such office.

Petition for writ of mandamus granted, as prayed.