

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

January 29, 1974

The Honorable Ned Granger
County Attorney
County of Travis
Austin, Texas

Opinion No. H- 220

Re: Must all Justices of the Peace
and Constables run at the next general
election when prior to that election
all the justice precinct boundary
lines are changed and the precincts are
renumbered.

Dear Mr. Granger:

You have advised us that the Commissioners Court of Travis County, on July 9, 1973, passed an order, effective January 1, 1974, redistricting the six justice precincts and changing the boundaries of each of them. On December 10, 1973, the Commissioners Court changed the boundaries of each of the constables precincts to conform to the justice precincts, these changes likewise to be effective as of January 1, 1974. You have not advised us of the residence of the justices or of the terms of office of each justice or constable.

Your question is whether the offices of the justices of the peace and of the constables are vacant as of January 1, 1974.

Section 18 of Article 5 of the Constitution of Texas provides, in part:

"Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. Divisions shall be made by the Commissioners Court provided for by this Constitution. In each such precinct there shall be elected one Justice of the Peace and one Constable, <u>each of whom</u>

shall hold his office for four years and until his successor
shall be elected and qualified . . . . Each county shall
in like manner be divided into four commissioners pre-
cincts in each of which there shall be elected by the qual-
ified voters thereof one County Commissioner, who shall
hold his office for four years and until his successor shall
be elected and qualified. . . ." (emphasis added)

Article 5, Sec. 24 provides:

"County Judges, county attorneys, clerks of the
District and County Courts, justices of the peace,
constables, and other county officers, may be removed
by the Judges of the District Courts for incompetency,
official misconduct, habitual drunkenness, or other
causes defined by law, upon the cause therefor being
set forth in writing and the finding of its truth by a
jury. " (emphasis added)

In Childress County v. Sachse, 310 S. W. 2d 414 (Tex. Civ. App., Amarillo,
1958) Sachse had been elected commissioner of Childress County, commencing
January 1, 1955. The Commissioners Court changed the precinct boundary
lines effective April 1, 1955 and the County Judge declared Sachse's office vacant,
since he did not reside in the newly described precinct. In affirming the district
court order awarding Sachse back salary, the Court of Civil Appeals quoted from
20 C. J. S., Counties, Sec. 77, p. 840 as follows:

"While a change of boundary lines of commissioner
districts, or a redistricting, does not deprive a county
commissioner of the right to hold office for the rest of
his term, although by reason of the change his residence
is without the district from which he was elected, pro-
vided it is still within the county, still he does not by
becoming a resident of another district, become entitled
to succeed the official in that district after the expiration
of his term. "

The Court held that Sachse never was legally removed from office and his
office was never legally vacated or abolished. He had a constitutional and legal

right to serve as commissioner of the precinct until his term expired by law. The Supreme Court, in refusing the application for writ of error, at 312 S. W. 2d 380 (Tex. 1958) stated as its per curiam opinion:

> "The application for writ of error is refused. No reversible error. We approve the holding of the Court of Civil Appeals that changes in precinct boundaries do not create a vacancy in the office of County Commissioner or deprive the incumbent of the right to hold office for the remainder of his term, even though by reason of such changes his residence is not within the precinct as redefined. 310 S. W. 2d 414. "

This office, nevertheless, issued opinions holding that the Sachse case did not apply and that justice precincts were abolished and vacated upon a redistricting. See for instance, Attorney General Opinion WW-536 (1958); Attorney General Opinion C-112 (1963). And compare Attorney General Opinions V-1032 (1950) and Attorney General Opinion V-1218 (1951).

However, in 1970 the Court of Civil Appeals at Dallas had before it the case of McGuire v. Hughes, 452 S. W. 2d 29 (Tex. Civ. App., 1970, no writ). The question there was whether abolition by the commissioners court of one of two justices of the peace within a precinct had the legal effect of reducing the four year term of one of the justices to two years. The Court, in answering the question said:

> ". . . The constitutional provision is clear and unambiguous that following the first two-year term of the uneven numbered office (as was Place No. 1) thereafter, all justices of the peace would be elected for the term provided for in the Constitution, namely, four years. We hold that under such constitutional mandate the term of office to which Relator McGuire was elected in 1968 was for a period of four years, ending December 31, 1972.

> "It has been declared in many cases that a public office is property. . . . This is certainly true in the sense that a person elected to an office established by

law, and duly qualified for same by taking the oath of office, has a property right to the possession of the office and enjoyments of its rights and emoluments all of which the Constitution protects and the courts will enforce. . . . Judge McGuire was duly and legally placed into possession of his office in 1968 for a constitutional term of four years. During that period he has the vested right and privilege to exercise the official duties of the office and to receive the compensation provided by law. Such may not be denied him by administrative edict or as a result of the Commissioners Court's action in abolishing another office in the same precinct. To sanction such would open wide a Pandora's Box of uncertainty and confusion. " (452 S. W. 2d at 31-32) See also Villarreal v. Bustamante, 480 S. W. 2d 231 (Tex. Civ. App., San Antonio, 1972, no writ); Attorney General Opinion H-97 (1973).

It is our opinion therefore that justices of the peace and constables elected to a full term (as opposed to being elected to fill an unexpired term) are entitled to serve the full four years in office and that a redistricting of their precincts by the commissioners court does not vacate their office. In this opinion we do not consider the effect of a court-ordered reapportionment.

The conclusion of this opinion is distinguishable from the situation considered in Attorney General Opinion H-219 (1974) relating to State Board of Education districts. There terms were cut short pursuant to a statutory scheme ending all State Board terms at the general election immediately following a decennial reapportionment.

## SUMMARY

Justices of the peace and constables, elected to a full term, are entitled to serve the entire four years

and a redistricting of their precincts by the commissioners court resulting in a justice or constable not living in his precinct, does not vacate his office.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee