John L. FASHING and Enrique H. Pena, Relators,

v.

EL PASO COUNTY DEMOCRATIC EXECUTIVE COMMITTEE et al., Respondents.

No. B–5813.

Supreme Court of Texas.

March 10, 1976.

John L. Fashing and Enrique H. Pena, El Paso, for relators.

Pearson, Oden & Caballero, Raymond C. Caballero, El Paso, for respondents.

DENTON, Justice.

The Honorable John L. Fashing and the Honorable Enrique H. Pena, both qualified judges in El Paso County, Texas, have petitioned this Court for a writ of mandamus ordering the El Paso County Democratic Executive Committee and its Chairman, Raymond Caballero, to place their names upon the ballot for the Democratic primaries as candidates for nomination to the offices of County Court at Law No. 2 of El Paso County, Texas and the Court of Domestic Relations of El Paso County, Texas, respectively. Our jurisdiction is based upon Article 1735a, Vernon's Ann.Tex.Stats. and Article 13.41, Tex.Election Code Ann.

The County Court at Law No. 2 of El Paso County was created by Article 1970–141.1 V.A.T.S. That article states that the first appointed judge "shall serve beginning September 1, 1955, until the next general election and until his successor shall be duly elected and qualified. Thereafter said office shall be filled at general election as provided by law except in case of vacancy." Judge Richard Crawford was duly appointed to fill this office and was subsequently elected to said judgeship in the general elections of 1956, 1958, 1962, 1966 and 1970. In 1973 Judge Crawford announced he would not seek re-election. Relator Fashing was nominated in the Democratic Primary of 1974 and elected to said judgeship in the general election of that year.

The Court of Domestic Relations of El Paso County, Texas was created in 1971 by Article 2338–21 V.A.T.S. Said article states that the judgeship so created is to first be filled by appointment and that the appointee is to "serve until the next general election or until his successor is qualified." Thereafter the judge of said court is to be "elected in accordance with the terms of Section 65, Article XVI, Constitution of the State of Texas."

Relator Pena was duly appointed and took office on June 14, 1971. Judge Pena was nominated in the May 1972 Democratic Primary for Judge of the Domestic Relations Court of El Paso County and was elected to said judgeship in November of 1972. In May of 1974 the office of Judge of the Court of Domestic Relations did not appear on the Democratic Primary ballot and no one filed for said office. However, in the general election of November 1974 the office of Judge of the Court of Domestic Relations did appear on the ballot, although no names appeared thereunder. Relator Pena was a write-in candidate and was again duly elected Judge of the Court of Domestic Relations in the general election of November 1974.

Both relators sought to file for re-nomination to their respective positions in the 1976 Democratic Primary. The El Paso

County Democratic Executive Committee, based on the advice of the Secretary of State and several Attorneys' General opinions, refused the relators' applications on the grounds that they were both elected to four year terms in 1974 and that neither office was up for election in 1976. The respondents contend that Article 16 § 65 of the Texas Constitution mandatorily sets the terms of both of these offices and that full four year terms to these judgeships may be obtained only in the general elections held in 1954, 1958, 1962, 1966, 1970, 1974 and 1978. In dealing with similar problems the Attorney General has in the past consistently ruled that an election not held in accordance with the schedule set forth by Article 16 § 65 is not an election to a full four year term. Tex.Att'y Gen.Op. Nos. WW–1292 (1962), C–147 (1963), M–566 (1970), H–726 (1975). Rather such election, even when held at the intervening general election, is merely an election to the remainder of the unexpired term as set by Article 16 § 65. Respondents contend that § 65 determines the four year term schedule of all the offices listed therein, including those offices created subsequent to its enactment.

As originally adopted, in November of 1954, Article 16 § 65 reads as follows:

§ 65. Transition from two year to four year terms of office

Sec. 65. Staggering Terms of Office— The following officers elected at the General Election in November, 1954, and thereafter, shall serve for the full terms provided in this Constitution:

(a) District Clerks; (b) County Clerks; (c) County Judges; (d) Judges of the County Courts at Law, County Criminal Courts, County Probate Courts and County Domestic Relations Courts; (e) County Treasurers; (f) Criminal District Attorneys; (g) County Surveyors; (h) Inspectors of Hides and Animals; (i) County Commissioners for Precincts Two and Four; (j) Justices of the Peace

Notwithstanding other provisions of this Constitution, the following officers elected at the General Election in November, 1954, shall serve only for terms of two (2) years: (a) Sheriffs; (b) Assessors and Collectors of Taxes; (c) District Attorneys; (d) County Attorneys; (e) Public Weighers; (f) County Commissioners for Precincts One and Three; (g) Constables. At subsequent elections, such officers shall be elected for the full terms provided in this Constitution.

In any district, county or precinct where any of the aforementioned offices is of such nature that two (2) or more persons hold such office, with the result that candidates file for "Place No. 1," "Place No. 2," etc., the officers elected at the General Election in November, 1954, shall serve for a term of two (2) years if the designation of their office is an uneven number, and for a term of four (4) years if the designation of their office is an even number. Thereafter, all such officers shall be elected for the terms provided in this Constitution. Added Nov. 2, 1954.

In 1958, however, this Article was amended and the following provision was added as a final paragraph to the original amendment.

Provided, however, if any of the officers named herein shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall succeed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled. As amended Nov. 4, 1958.

Relators contend that Article 5 § 30 of the Texas Constitution, and not Article 16 § 65, is the controlling constitutional provision. Section 30 was adopted to extend the

terms of the pertinent offices from two to four years and reads as follows:

§ 30. Judges of courts of county-wide jurisdiction; criminal district attorneys

Sec. 30. The Judges of all Courts of county-wide jurisdiction heretofore or hereafter created by the Legislature of this State, and all Criminal District Attorneys now or hereafter authorized by the laws of this State, shall be elected for a term of four years, and shall serve until their successors have qualified. Added Nov. 2, 1954.

It is relators' position that this section controls the term sequence of all pertinent offices created after November 1954.

Fashing and Pena argue that Article 16 § 65 applies only to those offices in existence in November 1954 and that it was meant to serve only as a transition between two and four year terms of office. Therefore, any office created after November 1954 would be controlled solely by Article 5 § 30 and the sequence of its terms would be fixed by its first general election.

The question before us is whether the schedule of elections, as determined by Article 16 § 65, applies to all the enumerated offices or only to those in existence at the time § 65 was added. It is important to note that both Article 5 § 30 and Article 16 § 65 were added to the Constitution on the same day. Both provisions were added to initiate a transition between two and four year terms of office.

It is apparent that Article 5 § 30 is the basic Article setting the length of terms for the offices in question. Article 16 § 65, however, qualifies this basic provision to the extent that it attempts to alternate the election of county officers. It allows some initial two year terms so that a consistent, alternating, four year schedule is set up for these offices. The Interpretive Commentary to Article 16 § 65 makes it clear that the legislature passed this amendment so

that election to county offices would be staggered. The Commentary states that, ". . . it was recognized that it was necessary to stagger the effect of the amendment [Art. 5 § 30], so that all the elective district, county and precinct offices would not expire in the same year."

Under relators' theory Judge Crawford was elected to a four year term at his first general election in 1956. Therefore, the subsequent elections for the judgeship to County Court at Law No. 2 should have been held in 1960, 1964, 1968, 1972 and 1976. In the event that relators are correct then the elections to that office in 1958, 1962, 1966 and 1970 were improperly held. Judge Crawford would thereby have been elected merely for the remaining two years of each unexpired term and would have been a holdover judge for the first two years of each succeeding term. Article 16 § 17 Tex. Constitution. Judge Fashing contends that he was elected only to the remainder of the term in 1974 and that the office is properly up for election for a full term in 1976. Relators also contend that Judge Pena was duly elected to a full four year term in 1972, regardless of the creating statutes provisions, because Article 5 § 30 mandates that the first general election be for a full four year term. If this is so, the judgeship of the Court of Domestic Relations would also properly be up for election in 1976.

We cannot accept the constitutional interpretations and assumptions presented by the relators. Articles 5 § 30 and 16 § 65 are companion amendments and while Article 5 § 30 clearly sets the general term of office it does not function independent of the qualifications of Article 16 § 65. Section 65 of Article 16 is not merely a transitional provision but fully limits, qualifies and schedules the four year terms set by Section 30 of Article 5; both as to offices in existence in November 1954, and those created thereafter.

In its introductory paragraph Section 65 of Article 16 states that, "The following

*officers elected* at the General Election in *November, 1954, and thereafter,* shall serve for the full terms provided in this Constitution . . . ." (emphasis added). Both County Courts at Law and County Domestic Relations Courts are included in the list of those offices to be controlled by this introductory comment. The introductory paragraph shows that it was intended that the election schedule of the pertinent offices would be determined by using 1954 as the base year. This provision does not state that it applies to the 1954 election only, but specifically applies to all of these offices in 1954 "and thereafter." Since the terms of the offices in existence in 1954 could not be statutorily changed, then the phrase "and thereafter" would be meaningless unless it referred to offices created subsequent to November 1954. The clear intent of Article 16 § 65 is to stagger elections so that all county and district offices do not expire simultaneously.

Another persuasive point in favor of this interpretation of these constitutional amendments is the manner in which Article 16 § 65 was itself amended. As previously noted the last paragraph of § 65 was added in 1958 and reads as follows:

> Provided, however, if any of the officers named herein shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled. As amended Nov. 4, 1958.

The important words to note in this provision are: "the officers named herein." If relators' interpretation of Article 16 § 65 is adopted then the original amendment applies only to those offices in existence as of November 2, 1954. The logical extension of such a holding would be that in interpreting the scope of the 1958 addition it also would apply only to those offices in existence as of November 2, 1954. The phrase "the officers named herein" would of necessity refer only to those officers that existed at the time of the original amendment. The result thus reached would be that candidates who held public offices created before November 1954 could not announce their candidacy more than one year prior to the expiration of their current term without automatically resigning. Yet candidates who held public offices created after November 1954 would be able to so announce without any such constitutional effect.

There is no conflict between Texas Constitutional Article 5 § 30 and Article 16 § 65. Section 30 of Article 5 merely determines the length of the term of office, while Section 65 of Article 16 determines the quadrennial election schedule. Thus, those offices listed in the first part of § 65, whose four year terms start in 1954, are to be filled in the general elections of 1954, 1958, 1962, 1966, 1970, 1974, 1978, etc. Those offices listed in the second part of § 65, whose four year terms start in 1956, are to be filled in the general elections of 1956, 1960, 1964, 1968, 1972, 1976, etc. Elections to all offices enumerated in Article 16 § 65, including those created after November 1954, are to be held in accordance with the provisions of said section. Offices created after November 1954, whose first election is at an intervening general election and not on the proper schedule, are not initially elected to a full four year term but are elected only for the remainder of the unexpired term as it is determined by § 65.

The petition for writ of mandamus is denied. No motion for rehearing will be entertained.