Bill CHENAULT, et al., Petitioners,

v.

BEXAR COUNTY, Bexar County
Commissioners Court, et al.,
Respondents.

No. C–7446.

Supreme Court of Texas.

Dec. 20, 1989.

William B. Chenault, III and Tom Joseph, San Antonio, for petitioners.

Barry P. Hitchings, Fred G. Rodriguez, and Ricardo J. Navarro, San Antonio, for respondents.

## OPINION ON MOTION FOR REHEARING

RAY, Justice.

Respondents' motion for rehearing is granted in part and overruled in part. The opinion and judgment of April 19, 1989 are withdrawn and the following is substituted.

At issue is the constitutionality, of a county commissioners court's order that abolished three justice of the peace places in Bexar County. Bill Chenault and Betty Ann Esquivel filed separate suits challenging the order (Justice Abolition Order), alleging that it was void because it violated article XVI, section 65 of the Texas Constitution. The two cases were consolidated and tried to the court. The trial court denied Chenault and Esquivel all relief and held that the order did not violate the Texas Constitution. The court of appeals affirmed. 747 S.W.2d 400. We reverse the judgment of the court of appeals and render judgment in favor of Chenault and Esquivel.

In October 1985 the Bexar County Commissioners Court redistricted all of the county's justice of the peace precincts and created new justice precinct places. In December of 1985 the commissioners court abolished one of the justice of the peace places in each precinct that had two justices.[1] Precincts 1, 2, and 3 each had two justices of the peace.

---

1. This redistricting was found to be within the discretion of the commissioners court in *McCraw v. Vickers,* 717 S.W.2d 738 (Tex.App.—

San Antonio 1986, *writ ref'd n.r.e.*), but the issue of whether abolishing these particular places violated article XVI, section 65 was not present-

The decision to abolish one of the justice of the peace places in precincts 1, 2 and 3 was motivated by at least two factors. First, the commissioners court had to meet projected budget shortfalls for the upcoming years. Also, after considering accounting studies and analyzing case loads in each precinct, the commissioners court determined that one justice place in each precinct met the needs of the local population. On December 19, 1985, the commissioners court passed the Justice Abolition Order which abolished the place 2 positions in precincts 1, 2, and 3. The order was to become effective December 31, 1986.

Before the Justice Abolition Order became effective, Betty Ann Esquivel and Bill Chenault filed as candidates for justice of the peace, place 2, in precincts 1 and 3, respectively. Their names appeared on the ballots of the primary election and of the 1986 general election. Esquivel and Chenault ran without opposition and were elected as justices of the peace for place 2 in precincts 1 and 3.

On November 3, 1986, Esquivel filed an original petition for declaratory judgment, seeking to have the Justice Abolition Order declared void. On December 31, 1986, Chenault also filed a similar suit seeking to have the Justice Abolition Order declared unconstitutional. The two cases were consolidated and tried to the court.

■ Chenault and Esquivel complain that the Justice Abolition Order violates the first three paragraphs of article XVI, section 65 and, therefore, that it is unconstitutional and should be declared void.

When a precinct has two or more justices of the peace, paragraph four of article XVI, section 65 provides for their respective election schedules:

In any district, county or precinct where any of the aforementioned offices is of such nature that two or more persons hold such office, with the result that candidates file for "Place No. 1," "Place No. 2," etc., the officers elected at the general election in November, 1954, shall

serve for a term of two years if the designation of their office is an uneven number, and for a term of four years if the designation of their office is an even number. Thereafter, all such officers shall be elected for the term provided in this Constitution.

When a precinct has a single justice of the peace, the first three paragraphs of article XVI, section 65 are applicable. In its introductory paragraph, article XVI, section 65 states that "[t]he following officers elected at the general election in November, 1954, and thereafter, shall serve for the full terms provided in this Constitution ..." Justices of the peace are included in the list of officers. This provision requires that the election schedule of the listed officers be calculated by using 1954 as the base year. The next paragraph provides for the election schedule of certain other county and district officers. These other officers, "elected at the general election in November, 1954, shall serve only for terms of two years.... At subsequent elections, such officers shall be elected for the full terms provided in this Constitution." Article XVI, section 65 does not apply to the 1954 election only, but specifically applies to all officers elected in 1954 "and thereafter." The clear intent of this language is to stagger elections so that all county and district offices do not expire simultaneously. *See Fashing v. El Paso County Democratic Executive Comm.*, 534 S.W.2d 886 (Tex.1976). Thus, those offices listed in the second paragraph of section 65, whose four-year terms start at the base year of 1954, are to be filled in the general elections of 1954, 1958, etc. Those offices listed in the third paragraph of section 65 are to be filled in the general elections of 1956, 1960, etc. The following diagram illustrates the election years of justices of the peace in accordance with these provisions.

---

ed in *McCraw. McCraw* addressed the issue of whether the Justice Abolition Order violated article V, section 18 of the Texas Constitution,

which requires two justices of the peace in precincts in which there may be a city of 18,000 or more inhabitants.

| 1 justice | 2 justices | |
| --- | --- | --- |
| | place 1 | place 2 |
| 1954 | 1954 | 1954 |
| | 1956 | |
| 1958 | | 1958 |
| | 1960 | |
| 1962 | | 1962 |
| | 1964 | |
| 1966 | | 1966 |
| | 1968 | |
| 1970 | | 1970 |
| | 1972 | |
| 1974 | | 1974 |
| | 1976 | |
| 1978 | | 1978 |
| | 1980 | |
| 1982 | | 1982 |
| | 1984 | |
| 1986 | | 1986 |
| | 1988 | |
| 1990 | | 1990 |

Chenault and Esquivel maintain that if the Bexar County Commissioners Court wanted to abolish a justice of the peace position, it was required to abolish place 1, which was not on the four-year cycle from 1954, rather than place 2, which was on the four-year cycle from 1954. We agree that the Justice Abolition Order is unconstitutional and should be declared void. The effect of abolishing the place 2 justice of the peace positions in precincts 1, 2 and 3 was to leave the timing of the remaining place 1 justice of the peace position on an unstaggered election cycle, contrary to the scheme mandated in the first part of article XVI, section 65.[2] *See Fashing v. El Paso County Democratic Executive Comm.*, 534 S.W.2d 886 (Tex.1976).

The commissioners court argues that the proper remedy for this violation is not to hold the order void, but to simply require that the commissioners court enter another order resetting the election cycles of the remaining places to be staggered with the respective constable offices. In support of the county's power to rearrange the election dates of judges to conform to the constitution, the county urges comparison of this case to *Dollinger v. Jefferson County Commissioners Court*, 335 F.Supp. 340 (E.D.Tex.1971), in which a federal district court ordered the election of

county commissioners to serve an initial term of only two years instead of the constitutionally mandated four-year term. Although its order conflicted with the four-year term of office required in the constitution, the federal court nonetheless required a two-year term of office in order to bring the election of county commissioner positions into compliance with the staggered election provision.

The county's reliance on *Dollinger* is misplaced. *Dollinger* involved a situation in which four county precincts had been realigned. As a result, the voters in a particular precinct did not have the opportunity to vote for the commissioner serving in their precinct's office. The federal court found that since less than fifty percent of the residents had an opportunity to express a choice in regard to their elected precinct official, there was a denial of due process and equal protection under the federal Constitution. *Dollinger* thus differs significantly from the case at hand since in *Dollinger* the fourteenth amendment constitutional rights of the voters compelled an intermediate, two-year election. In the present case, there has been no such conflict with federal law; there has simply been the removal of one of two justice of the peace places in a precinct.

In *McGuire v. Hughes*, 452 S.W.2d 29 (Tex.Civ.App.—Dallas 1970, no writ), the Dallas Court of Appeals faced a problem similar to this one and arrived at a different solution. In 1967, the Commissioners Court of Grayson County abolished a place 2 office of justice of the peace. The remaining office, place 1, was left in a term that was unstaggered according to the provisions of article XVI, section 65. The Secretary of State declared that in view of the abolition of the place 2 position, the precinct was a single-justice precinct and the place 1 officeholder's position would expire in 1970. The court of appeals disagreed, stating that the commissioners court could not constitutionally reduce the term of justice of the peace to two years. However, the court of appeals was satisfied

2. We note that the Attorney General has construed article XVI, section 65 in a similar man-

ner. *See* Op.Tex. Att'y Gen. Nos. H–726 (1975), M–566 (1970), C–235 (1964), C–147 (1963).

with leaving the remaining place 1 justice in office, although he was in an unstaggered election cycle. The court of appeals stated that article XVI, section 65 "is clear and unambiguous that ... all justices of the peace would be elected for the term provided for in the Constitution, namely, four years." 452 S.W.2d at 31. We agree that a commissioners court may not provide for the expiration of a term of office contrary to article XVI, section 65. The constitution there states that elected officials shall "serve for the full term provided in this Constitution." It provides that precinct officers, such as justices of the peace, shall serve a four-year term. As the court of appeals in *McGuire* correctly stated:

> During that period he has the vested right and privilege to exercise the official duties of the office and to receive the compensation provided by law. Such may not be denied him by administrative edict or as a result of the Commissioners Court's action in abolishing another office in the same precinct.

452 S.W.2d at 32.

While the court of appeals in *McGuire* was correct in stating that the commissioners court could not cut short the remaining justice's term, the remedy fashioned by the court would not comport with this court's decision today. To leave the remaining office in place would allow for an unstaggered election cycle, which would violate the clear mandate of article XVI, section 65.

Because we hold that, under article XVI, section 65, the Justice Abolition Order is unconstitutional and therefore void, we need not consider other points presented by Chenault and Esquivel. We reverse the judgment of the court of appeals and render judgment in favor of Chenault and Esquivel. The place 2, justice of the peace positions in precincts 1, 2, and 3 of Bexar County are reinstated.

GONZALEZ, J., dissents with opinion joined by SPEARS and DOGGETT, JJ.

GONZALEZ, Justice, dissenting.

Today, the court enters into the field of micro-management of county government and reads a constitutional provision out of context. In so doing, the court interferes with the lawful, prudent, and responsible exercise of power by the Bexar County Commissioners Court. What makes this more egregious is the factual context in which the action is taken, particularly since the court arguably gives the petitioners over two years back pay when they did not even request this relief at the trial court. For the following reasons, I disagree with this action and would affirm the judgment of the court of appeals.

Chenault and Esquivel filed for two justice of the peace positions when they had known for over a year that not only had the offices in question been abolished, but that a court of law had found the Commissioners Court's action in abolishing the offices reasonable and constitutional. They had every opportunity to join this prior litigation, but chose not to do so. Nonetheless, in the face of this reality, Chenault and Esquivel paid filing fees to run for these two abolished positions. They ran unopposed and were "elected" by the voters. When the Commissioners Court did not recognize the election, Chenault and Esquivel initiated this suit.

The primary function of a commissioners court is the administration of the business affairs of the county. *Avery v. Midland County*, 406 S.W.2d 422, 426 (Tex.1966), *vacated on other grounds*, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968). While it is true that commissioners courts may exercise only such powers as the Texas Constitution or statutes have specifically conferred on them, they have implied authority to exercise broad discretion in accomplishing the purposes intended. *Canales v. Laughlin*, 147 Tex. 169, 214 S.W.2d 451, 453 (1948); *Anderson v. Wood*, 137 Tex. 201, 152 S.W.2d 1084, 1085 (1941).

We have once before reviewed the particular Justice Abolition Order now before us and did not then declare it unconstitutional, nor did we determine that the Bexar County Commissioners Court abused its discretion. *McCraw v. Vickers*, 717 S.W.2d 738 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). In *McCraw*, the court of appeals

held that the action by the Commissioners Court in abolishing the justice of the peace positions was not arbitrary and did not constitute an abuse of discretion.

I agree with the court of appeals in the instant case that the order was entered in the exercise of the discretion of the Commissioners Court. Article V, section 18(b) of the Texas Constitution authorizes the commissioners court of each county to exercise its powers and jurisdiction over "all county business." Tex. Const. art. V, § 18(b). It has been held that "all county business" should be given a broad and liberal construction. *See Cowboy Country Estates v. Ellis County*, 692 S.W.2d 882, 887 (Tex.App.—Waco 1985, no writ); *Rodgers v. County of Taylor*, 368 S.W.2d 794, 796 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.).

Article V, section 18 had previously mandated two justice of the peace positions in precincts containing cities in excess of 8,000 inhabitants within its boundaries. When the provision was amended so that it became applicable to cities with over 18,000 inhabitants, the Commissioners Court was necessarily given discretion to abolish one of the two justice of the peace positions in each precinct that no longer qualified for two positions. Accordingly, the Commissioners Court abolished Place 2 of precincts 1, 2, and 3 of Bexar County. One problem remained, however: an apparent nonconformity with Article XVI, section 65 of the Texas Constitution.

Article XVI, section 65 provides for the staggering of terms of justices of the peace and constables, beginning at the general election in 1954. In precincts where there are two or more justices of the peace, the constitution states that those officers elected for positions with an odd number, i.e., Place 1, are to serve for an initial term of two years; those elected for positions with an even number are to serve for an initial term of four years. Thereafter, all officers are to serve a full term (four years for justices of the peace). Therefore, pursuant to this mandated staggering of offices, the justices of the peace of Place 1 in precincts 1, 2, and 3 of Bexar County would be

elected in the general elections of 1984, 1988, etc. Place 2 positions would be filled in the general elections of 1982, 1986, etc.

When the Commissioners Court abolished Place 2 of precincts 1, 2, and 3, the Place 1 positions were left to proceed in an unstaggered election cycle vis-a-vis the precinct constables. However, rather than hold the Justice Abolition Order void, the proper remedy for this nonconformity with Article XVI, section 65 is to simply allow the Commissioners Court to enter another order resetting the election cycle of the remaining justice of the peace positions to be staggered with those of the respective constables. The Texas Constitution affords the Commissioners Court the discretion to make such correction as a valid exercise of its power over "all county business." Tex. Const. art. V, § 18(b).

The court readily notes that the decision to abolish one of the justice of the peace positions was prompted by several factors, including: (1) the Commissioners Court's need to meet projected budget deficits; and (2) a determination that one justice of the peace in each precinct fulfilled the needs of the local population. In short, the Justice Abolition Order marked an attempt by the Commissioners Court to be financially responsible to the taxpayers of Bexar County. Abolition of Place 2 as opposed to Place 1 was supported by the fact that the incumbents in the Place 2 positions were not seeking re-election when the order became effective, whereas the incumbents in Place 1 intended to run for re-election. Thus, the decision to abolish Place 2 was not only financially and economically sound, but also in the interest of those who may have been directly affected by the order.

Allowing the Commissioners Court to reset an election cycle is not unprecedented. In *Dollinger v. Jefferson County Commissioners Court*, 335 F.Supp. 340 (E.D.Tex. 1971), Jefferson County had redistricted its precinct lines. However, in one of the redistricted precincts, less than fifty percent of the residents had the opportunity to vote in the election for the incumbent commissioner. According to Article XVI, section

65, this commissioner was required to serve a full four-year term, which would end in 1974. The court ordered an election for this position for a two-year term to begin in 1972 to provide all of the residents of the precinct equal opportunity to vote in the election. Requiring the election for commissioner to be held in 1972 was not in conformity with Article XVI, section 65. However, the two-year, as opposed to four-year, requirement would cause the term to be staggered with the other precincts. We likewise should allow the Commissioners Court to reset the terms of the remaining justice of the peace positions and thus conform to the constitutionally mandated staggering of offices.

For the above reasons, I dissent.

SPEARS and DOGGETT, JJ., join in this opinion.