OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 28, 2002

The Honorable Gwyn Shea
Secretary of State
State of Texas
P.O. Box 12697, Capitol Station
Austin, Texas 78711

Opinion No. JC-0519

Re: Whether a 1999 amendment to article XVI, section 65 of the Texas Constitution, which removed the staggered terms for certain county offices, substantively affects offices created after that date (RQ-0488-JC)

Dear Secretary Shea:

You ask about the effect of the 1999 amendment to article XVI, section 65 of the Texas Constitution on newly created offices. The amendment deleted provisions establishing staggered terms of office for certain district and county offices listed therein, with consequences you describe as follows:

> Before the 1999 amendment, it was clear that if a new county or district office listed in the Article XVI, Sec[.] 65 schedule was created in time to place the office on the ballot in an even numbered year, the new office followed the constitutional schedule. . . . If the even-numbered year was a year during which that office was not regularly scheduled for a full term, it appeared on the ballot as, and the officer was elected for, the remainder of the unexpired term. . . . [I]f the legislature created a new county court at law during the 76th Session in 1999, that new county court would have appeared on the 2000 ballot for a two-year unexpired term. The office would again appear on the ballot two years later in 2002 for a full term, pursuant to the constitutional schedule.[1]

You wish to know whether newly created offices subject to article XVI, section 65 may be placed on a staggered election schedule and whether the county or the state has the authority to put the office on the ballot for any term other than four years. A newly created office listed in article XVI, section 65 may not be placed on the ballot for any term of office other than four years. However, constitutional provisions mandating the election of specific officers to four-year terms do not prevent the legislature from bringing the office into existence partway through a four-year term

---

[1]Letter from Geoffrey S. Connor, Assistant Secretary of State, to the Honorable John Cornyn, Texas Attorney General (Jan. 4, 2002) (on file with Opinion Committee).

with the vacancy to be filled pursuant to law, generally by appointment until the next general election. The staggered election schedule may be continued for newly created offices enumerated by article XVI, section 65. Section 202.003 of the Election Code establishes the date when a newly-created office is first placed on the ballot, and in some instances that date may conform to the staggered election schedule. TEX. ELEC. CODE ANN. § 202.003 (Vernon Supp. 2002). If the 202.003 date does not conform to the staggered election schedule, the legislature may expressly provide in the statute creating the office for conformity to the staggered election schedule. *Id.* In this case, the legislation creating an office should provide that the officeholder shall be elected to a four-year term at the first general election date that conforms to the election schedule, and that the vacancy in the office that exists as of its creation shall be filled as provided by law.

We turn to your question. Article XVI, section 65 was adopted in 1954 by a constitutional amendment that also established four-year terms of office for elective district, county, and precinct officers. *See* Tex. S.J. Res. 4, 53d Leg., R.S., 1953 Tex. Gen. Laws 1164 (caption). *See also* TEX. CONST. art. V (four-year terms), §§ 7 (district judge), 9 (clerk of district court), 15 (county judge), 18 (justice of the peace, constable, and county commissioners), 20 (county clerk), 21 (county attorney), 23 (sheriff), 30 (judges of courts of county-wide jurisdiction and criminal district attorneys); art. VIII, § 14 (four-year terms for tax assessor collector); art. XVI, §§ 44 (four-year terms for county treasurer and county surveyor), 64 (four-year terms for inspector of hides and animals). The increase of local officers' terms of office from two to four years made it necessary "to stagger the effect of the amendment, so that all the elective district, county, and precinct offices would not expire in the same year." TEX. CONST. art. XVI, § 65 interp. commentary (Vernon 1993). The 1954 amendment staggered the terms of office by providing that certain officeholders would be elected for terms of varying length in the November, 1954 general election. Article XVI, section 65, as adopted, provided that:

> The following officers elected at the general election in November, 1954, and thereafter, shall serve for the full terms provided in this Constitution: (a) District Clerks; (b) County Clerks; (c) County Judges; (d) Judges of the County Courts at Law, County Criminal Courts, County Probate Courts, and County Domestic Relations Courts; (e) County Treasurers; (f) Criminal District Attorneys; (g) County Surveyors; (h) Inspectors of Hides and Animals; (i) County Commissioners for Precincts Two and Four; (j) Justices of the Peace.

*See* Tex. S.J. Res. 4, *supra.* It then provided for staggering the election of persons to fill certain other offices, stating that:

> Notwithstanding other provisions of this Constitution, the following officers elected at the general election in November, 1954, shall serve only for terms of two years: (a) Sheriffs; (b) Assessors and Collectors of Taxes; (c) District Attorneys; (d) County Attorneys;

> (e) Public Weighers; (f) County Commissioners for Precincts One and Three; (g) Constables. At subsequent elections, such officers shall be elected for the full terms provided in this Constitution.

*Id.* The amendment also provided for staggered terms of an office held by two or more persons in the same district, county, or precinct and distinguished on the ballot as "Place No. 1," "Place No. 2," and so forth, again by providing that one group of officers elected in November, 1954 would serve initial terms of two years, while the other group would serve initial terms of four years. *See id. See also* TEX. ELEC. CODE ANN. § 52.092(g) (Vernon Supp. 2002) (listing on ballot of two or more offices having the same title except for a place number). Thereafter, all such officers would be elected for terms provided by the constitution. *See* Tex. S.J. Res. 4, *supra.*

A 1958 amendment added a "resign-to-run" provision to article XVI, section 65. *See* Tex. H.J. Res. 31, 55th Leg., R.S., 1957 Tex. Gen. Laws 1641. The amendment stated that "if any of the officers named herein shall announce their candidacy, or shall in fact become a candidate," in any election for any other office at a time "when the unexpired term of the office then held shall exceed one (1) year," the announcement or candidacy would constitute an automatic resignation of the office then held. *Id.*

You inquire about the effect of the 1999 amendment to article XVI, section 65, which deleted all provisions relating to the staggered terms of office and left only the "resign-to-run" provision for the offices listed in that section. *See* Tex. H.J. Res. 62, 76th Leg., R.S., 1999 Tex. Gen. Laws 6611, 6642-43. The 1999 amendment to article XVI, section 65, was included in House Joint Resolution 62, which proposed "a constitutional amendment to eliminate duplicative, executed, obsolete, archaic, and ineffective constitutional provisions." *Id.* (caption). A bill analysis of House Joint Resolution 62 described the amendment to article XVI, section 65 as "removing provisions providing for the original staggering of county offices when the terms of such offices were extended in 1954." HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. Comm. Subst. H.J. Res. 62, 76th Leg., R.S. (1999) at 2; *see also* SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. H.J. Res. 62, 76th Leg., R.S. (1999) at 4 (deletes text regarding certain precincts, officer terms, and officer elections; makes conforming and nonsubstantive changes).

The language deleted from article XVI, section 65 in 1999 appeared on its face to be obsolete, and its deletion appeared to be nonsubstantive, because it referred to staggering the terms of local officers elected in the November, 1954 general election. However, the Texas Supreme Court has held that article XVI, section 65 mandated a staggered election schedule for all the offices enumerated therein, rather than only those in existence when the provision was adopted. *See Fashing v. El Paso County Democratic Executive Comm.*, 534 S.W.2d 886, 889 (Tex. 1976). *See also* Tex. Att'y Gen. Op. Nos. H-726 (1975) at 2, M-566 (1970) at 2, C-147 (1963) at 2-3, WW-1292 (1962) at 4 (holding that newly created local offices must be filled by election according to the election schedule established by article XVI, section 65).

In *Fashing*, the court harmonized article XVI, section 65 of the Texas Constitution with article V, section 30, which provided a four-year term for judges of courts of county-wide jurisdiction. The *Fashing* court determined that "[t]he clear intent of Article 16 § 65 is to stagger elections so that all county and district offices do not expire simultaneously." *Fashing*, 534 S.W.2d at 890. Article XVI, section 65 established the schedule for electing persons to the four-year terms set by article V, section 30, "both as to offices in existence in November 1954, and those created thereafter." *See id.* at 889. A newly created local office thus had to be filled by electing an individual to the remainder of the unexpired term where necessary to maintain the election schedule established by article XVI, section 65. *See id.* at 890. Thus, article XVI, section 65 governed the election years in which particular local offices were filled, using 1954 as the base year, and newly created offices had to be filled by election in the year applicable to each office. *See Chenault v. Bexar County*, 782 S.W.2d 206, 207 (Tex. 1989) (setting out schedule for electing justices of the peace, place 1 and place 2).

It is well established that the legislature may not authorize the election of an officer for a term that differs from the term provided in the constitution. *See Draughn v. Brown*, 651 S.W.2d 728, 730 (Tex. 1983); *Eades v. Drake*, 332 S.W.2d 553 (Tex. 1960); Tex. Att'y Gen. Op. No. MW-536 (1982) at 4. Newly created offices listed in article XVI, section 65 are not exempted from this general rule. Thus, a newly created office within the list in article XVI, section 65, may not be placed on the ballot for a term of less than four years.

However, the legislature may continue to maintain the staggered election schedule if it wishes to do so. A general rule for placing newly-created offices on the ballot is found in section 202.003 of the Election Code. Section 202.003(a) provides that "an election for the first full term of an office for which no previous election has been held is governed by the same provisions as an election for the remainder of an unexpired term, and for that purpose, references in this chapter to an unexpired term include a full term in the case of those offices." TEX. ELEC. CODE ANN. § 202.003(a) (Vernon Supp. 2002). *See id.* §§ 202.004-.006 (Vernon 1986 & Supp. 2002) (nomination to an unexpired term). Section 202.003(b) establishes the date when the new office first appears on the ballot:

> (b) If an Act of the legislature creating an office prescribes a date of creation that is later than the effective date of the Act, and if an authority authorized to create the office at an earlier date has not done so, the office shall appear on the ballot as follows:
>
> > (1) if the date of creation occurs in an even-numbered year, the office appears on the ballot in that even-numbered year;
> >
> > (2) if the date of creation occurs on or before March 1 of an odd-numbered year, the office appears on the ballot in the preceding even-numbered year; and

> (3) if the date of creation occurs after March 1 of an odd-numbered year, the office appears on the ballot in the subsequent even-numbered year.

*Id.* § 202.003(b) (Vernon Supp. 2002).

In some cases, the date established for offices enumerated in article XVI, section 65 by section 202.003 of the Election Code will conform to the staggered election schedule. If the section 202.003 date does not conform to the staggered election schedule, the legislature may continue to maintain the staggered election schedule for newly-created offices of the kind listed in article XVI, section 65. A Texas Supreme Court opinion about a newly-created district court, an office that is not mentioned in article XVI, section 65, explains how this can be done. *See Eades v. Drake*, 332 S.W.2d 553 (Tex. 1960). The court in *Eades* addressed a statute providing that, at the first general election after the creation of the 160th District Court, the judge of the court would be elected for a term of two years and thereafter to a four-year term. *See id.* at 554. The court stated that "[t]he constitution provides for elective four-year terms for judges of permanent constitutional district courts [*see* TEX. CONST. art. V, §§ 7, 30] and there can be no elective two-year terms by virtue of legislative enactment." *Id.* at 556. *Eades* then determined that there was a vacancy in the office when the statute creating it became effective and that the governor should fill the vacancy by appointing a qualified person "who shall hold such office until the next succeeding general election and until his successor shall be duly qualified." *Id.* at 556; *see* TEX. CONST. art. IV, § 12, art. V, §§ 7, 28, art. XVI, § 17. At the next general election, the voters would elect a judge to a four-year term. *Eades*, 332 S.W.2d at 556. Thus, the constitutional provisions mandating the election of district court judges to four-year terms, *see* TEX. CONST. art. V, §§ 7, 30, do not preclude the legislature from bringing a district court into existence halfway through a four-year term, with the vacancy to be filled by the governor.

Accordingly, the legislature may maintain the staggered election schedule for newly created offices enumerated in article XVI, section 65, if it wishes to do so. The legislation creating the office must provide for electing the officeholder to a four-year term at the first general election date that conforms to the election schedule formerly established by article XVI, section 65 and for filling the vacancy that exists in the office from its creation until the elected officeholder qualifies for it. *See, e.g.,* TEX. CONST. art. V, § 28 (vacancy in office of justice of the peace filled by commissioners court); TEX. GOV'T CODE ANN. § 25.0009 (Vernon 1988) (vacancy in office of judge of statutory county court, including vacancy existing on creation of office). *See also* Act of May 23, 2001, 77th Leg., R.S., ch. 692, § 4(a)-(b), 2001 Tex. Gen. Laws 1317, 1318 (creating Probate Court No. 1 of Collin County and stating initial vacancy in office of judge of shall be filled by election) (enacting TEX. GOV'T CODE ANN. § 25.0453).

## S U M M A R Y

      Article XVI, section 65 of the Texas Constitution, before it was amended in 1999, required a staggered election schedule for the offices it listed, newly created offices as well as offices existing in 1954, when the constitutional provision was adopted. The 1999 amendment deleted the language requiring a staggered election schedule. A newly created office listed in article XVI, section 65, may not be placed on the ballot for any term other than four years, and the date when it would first be placed on the ballot would be determined by section 202.003 of the Election Code. In some cases, the section 202.003 date will conform to the election schedule for the office. If it does not, the legislature may continue the staggered election schedule for newly created article XVI, section 65 offices by providing in the legislation creating the office that the officeholder shall be elected to a four-year term at the first general election date that conforms to the election schedule, and that the vacancy that exists in the office from its creation shall be filled by appointment or as otherwise provided by law.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee